## Commonwealth v. Donovan.

(Decided April 27, 1920.)

### Appeal from Mercer Circuit Court.

1. Infants—Abandonment—Jurisdiction.—Under the provisions of Kentucky Statutes, section 331i-1, making it a felony for the parent of any child or children residing in this state to "leave, desert or abandon" such child or children, the father of a child in the sole custody of the mother having an actual residence in this state, who wilfully fails or refuses to contribute anything to the support of such child may, notwithstanding his residence and citizenship in another state, be indicted for the abandonment of such child by a grand jury of the county of the child's residence in this state and tried for such offense in the circuit court of such county, if jurisdiction of his person for purposes of the trial be legally obtained through its process.

2. Infants—Abandonment—Ingredients of Offense Denounced by Statute.—Abandonment of the child by the parent to constitute the criminal offense denounced by the statute, supra, must contain two essential ingredients, viz.: Separation from the child, and failure to supply its needs; mere absence from one's child does not constitute the offense, but it begins with and continues through the duration of the child's dependence and as long as there is a failure on the part of the father to perform his parental duty to the child.

3. Infants—Abandonment.—The fact that the mother of the child and wife of the father, while they and the child were on a visit to her parents in this state, insisted upon his becoming a resident of this state or refused to return with him or take the child

to his home in Ohio, whatever may have been its effect upon their marital relations, did not justify his abandonment of the child, or relieve him of the duty of continuing to provide for its support.

C. I. DAWSON, EMMETT PURYEAR, C. E. RANKIN and T. B. McGREGOR for appellant.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Certifying the law.

Appellee was indicted by the grand jury of Mercer county for the felonious desertion of his infant son, James Donovan, and leaving him in destitute and indigent circumstances without suitable provision for his support, etc.; the offense being one defined and made a felony by Kentucky Statutes, section 331i-L. On his trial in the Mercer circuit court the jury, in obedience to a peremptory instruction from the court so directing, returned a verdict finding him "not guilty," and by the judgment entered thereon he was discharged from custody. The Commonwealth being dissatisfied with the trial court's interpretation of the statute under which appellee was indicted and, also, with its action in directing the verdict of acquittal, after moving for and being refused a new trial, was granted and is now prosecuting this appeal from the judgment entered on the verdict for the purpose of having this court declare the law of the case.

The facts in brief were that the appellee, who is by occupation a machinist, in 1917 married a young woman of Harrodsburg, Mercer county, Ky. He at that time lived at Dayton, Ohio, and immediately following the marriage the couple became residents of the latter city and state, where they remained until the following year, and the wife then becoming pregnant, she and her husband returned to the home of the wife's parents at Harrodsburg, Ky., for her confinement. Appellee remained with his wife at Harrodsburg for a few weeks and until after the birth of the child, and then returned to Dayton, Ohio, where he has since remained with the exception of one or two visits to his wife and child at Harrodsburg. Nothing appears to have been contributed by appellee to the support of the child since its birth or that of the mother, although he appears to have promised to amply provide for both if they would return to Dayton,

Ohio, and there reside with him. It is apparent from the evidence that whatever friction occurred between the husband and wife was largely contributed to by the mother of the latter, who was evidently unwilling that her daughter should live elsewhere than at Harrodsburg. The wife, however, refused to go to or live with her husband in the state of his residence, and thus the matter has stood since the birth of the child who is the innocent sufferer of the marital troubles between the parents. Neither parent has sued for a divorce nor for the custody of the child. The husband after being indicted for the desertion of the child was arrested on a bench warrant while on a visit to his wife at Harrodsburg, but as on the trial the circuit court was of the opinion that the statute applied only to a parent or parents residing in Kentucky, appellee's trial resulted in his acquittal, as already stated. The question to be determined, therefore, is, whether the court was right in thus construing the statute.

It will be observed that the language of the statute is "the parent of any child or children residing in this Commonwealth who shall leave, desert, abandon such child . . . " shall be subjected to the penalty thereby imposed. It is a well known rule of grammar that the verb of a sentence will be regarded as agreeing with the noun nearest it, unless there is something else appearing to indicate a contrary intention. It would seem therefore that the verb "residing" is to be regarded as referring to the noun "child" or "children," instead of the previous noun "parent." It is the manifest object of the statute to protect any dependent or destitute child residing in this Commonwealth, and it cannot be made to extend its protecting arms to destitute children residing elsewhere; so its purpose is to protect any child or children permanently located within the borders of the state and to force upon parents, whether residing in or out of the state, the performance of the moral and legal duty resting upon them to support and provide for their children. This is necessarily so because of the vital interest the state has in the welfare of its children who, if not provided for by the parents, must become charges upon the state; therefore, any child which could become a charge upon the state, may reasonably be said to be within the provisions of the statute. It certainly was not intended to apply alone to a parent residing in this state,

for a parent residing in this state could not be convicted under the statute for the desertion of a child residing in another state, as the courts of this state would not in such case, have jurisdiction of the offense.

Obviously, the offense was committed in Kentucky because the desertion of the child and failure to provide for it occurred in this state and not elsewhere. In words and phrases, second series, volume 1, page 4, it is said: "Abandonment as a criminal offense contains two essential ingredients, separation from the child and failure to supply its needs; mere absence from one's child does not constitute the offense, but it begins and continues as long as there is a failure on the part of the father to perform his parental duty and consequent dependence of his child."

It is unquestionably the duty of the father to support his child and this duty is absolute and continues with him even though it be shown that the mother left him, whether with or without fault on her part, taking the child with her; and while friends and relatives may prevent the child from suffering, this is no defense to the father. Donaby v. State, 100 A. 696; Spicer v. State, 179 S. W. R. 712; Adams v. State, 159 N. W. 726 (Wis.).

It is not material to determine whether or not appellee could have been extradited under the facts of this case as his arrest under the indictment occurred in this state. It would seem however that as the crime charged in this case is a felony it would have authorized the extradition of appellee.

It is our conclusion that the crime for which appellee was indicted was committed in Mercer county, this state, and that the trial court erred in holding otherwise.

Wherefore this opinion is certified to the court below as the law of this case.