## West v. Commonwealth.

(Decided April 21, 1922.)

## Appeal from Pike Circuit Court.

1. Indictment and Information—Sufficiency of Accusation.—Where a statute prescribes the particular facts necessary to constitute a crime, therein denounced, an indictment which sets out the particular circumstances of the crime, in the language of the statute, together with such other facts as are necessary to show their application to that particular violation, is sufficient.

2. Criminal Law—Instructions.—In a criminal action, the instructions should advise the jury to confine its belief in the guilt or innocence of the accused, from the belief arising from a consideration of the evidence, alone.

3. Criminal Law—Competency of Wife as Witness Against Husband.—In criminal actions a wife is not a competent witness against the husband, except concerning an actual or threatened injury to the person or liberty of the wife by the husband, or an injury to her property rights, amounting to a crime, when acting as her agent.

4. Parent and Child—Statute Denouncing Abandonment of Child.—In a prosecution for a violation of section 331i-1. Kentucky Statutes, it is necessary to support the prosecution, that it be proven among other things, that the parent left the children in indigent and destitute circumstances, or that they thereafter became in such circumstances.

ROSCOE VANOVER and L. J. MAY for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Hurt—Reversing.

The appellant, John West, was indicted, tried and convicted of a violation of section 331i-1 of Carroll's Kentucky Statutes, which provides as follows:

"The parent of any child or children residing in this Commonwealth who shall leave, desert or abandon the said child or children, under the age of sixteen years, leaving said child or children in destitute or indigent circumstances, and without making proper provision for the board, clothing, education and proper care of said child or children, in a manner suitable to the condition and station in life of said parent and said child or children, shall be guilty of a felony, and upon conviction thereof

shall be punished by confinement in the penitentiary for not less than one nor more than five years in the discretion of the court or jury trying the case."

The penalty imposed upon appellant was imprisonment for one year in the penitentiary. His motion and grounds for a new trial were overruled, and he has appealed.

The grounds upon which a reversal of the judgment is urged are that the court erred to his prejudice:

(1) In overruling a general demurrer to the indictment.

(2) In instructing the jury.

(3) In the admission of incompetent evidence against him over his objection.

(4) In overruling a motion to direct the jury to find a verdict of acquittal.

(a) The contention that the indictment is not sufficient is, in our opinion, without merit. The accusation against appellant is substantially in the language of the statute. The crime of which it accuses the appellant is the desertion of his children under sixteen years of age, leaving them in indigent and destitute circumstances, and without making for them any suitable provision for their board, clothing and education, and proper care in a manner suitable to his and their station in life. This constitutes the crime charged, and is the accusative portion of the indictment. The particular circumstances of the offense charged are set out in the indictment in the language of the statute. The offense is committed by a parent abandoning or deserting his children, leaving them, when he separates himself from them, in indigent and destitute circumstances, or if they become in such circumstances thereafter, and failing to make provision for their board, clothing and education and care in a manner suitable to his and their station in life. The doing of the above acts constitutes the felony denounced. The statute prescribes the particular facts which constitute the desertion and the doing of which constitutes the felony, and when such facts are alleged, the particular circumstances of the offense and the manner of its commission are set forth in ordinary and concise language so that a person of common understanding knows what is intended, and it is sufficiently certain to enable the court to render judgment on conviction according to the right of the case, and to constitute a bar to another prosecution for the same offense. The present statute, *supra*, is unlike

the statute construed in Ritchie v. Commonwealth, 23 K. L. R. 1237, wherein it was held that an indictment under section 329, Kentucky Statutes, which set out the circumstances of the offense denounced by that statute in general language, and in the language of the statute, was not sufficient.

(b) The fault found with the instructions was that in the first instruction the jury was not advised that before finding the accused guilty it must believe his guilt *from the evidence* beyond a reasonable doubt, but left out of it the requirement that it must arrive at its verdict from a consideration of the evidence. Technically. this was an error, and though the judgment would not be reversed on that account, on another trial, the jury should be instructed that in arriving at its verdict it should confine its belief of his guilt from the evidence, alone. Further, the jury should not have been instructed that the failure of the accused to make provision for the education of the children would render him guilty, as no provision was necessary for the education of children of such tender years, as they were shown to be an infant and an older child of three years of age.

(c) No evidence was offered in support of the indictment, except the testimony of the wife of the accused. The evidence proved that the witness was married to the accused and bore by him the two children which he is accused of deserting. While it is proved that the witness and accused have separated, and each of them has contracted a marriage with another, there is no intimation that they have ever been divorced and the marriage ties dissolved, so as to render her a competent witness to give testimony against him, under the general rule which excludes the testimony of a wife or husband against the other. Under the provisions of subsection 1 of section 606, Civil Code, which applies to criminal actions as well as civil, a wife is incompetent as a witness to testify against her husband, except in certain instances which have been designated by the decisions of the courts. When the marriage relation is once lawfully established, it exists until the death of one of the parties, or until the status is destroyed by a judgment of divorce. In criminal actions an exception to the general rule stated above exists, and that is that the wife is a competent witness against the husband to prove any actual or threatened wrong to the person or liberty of the wife by the husband, or a wrong to her

property rights when the husband is acting as an agent for the wife. Commonwealth v. Sapp, 90 Ky. 580; Barkley v. Commonwealth, 116 Ky. 275; Commonwealth v. Wilson, 190 Ky. 815; Commonwealth v. Allen, 181 Ky. 624. The evidence given by the wife herein did not fall within the terms of those exceptions. When a divorce has been granted, the wife is a competent witness against the husband concerning anything that has occurred since the granting of the divorce, and anything which transpired theretofore, the knowledge of which was not acquired by her through the marriage relation. Furthermore, the evidence for the Commonwealth did not tend to prove in the slightest degree one material fact necessary to support the indictment, even if it be conceded that the evidence offered was competent. It will be observed that the offense is committed, not alone by desertion and failing to make provision for the board, clothing, education and care of the children, but it must, also, to constitute the crime, be proven that the children were left in indigent and destitute circumstances. There was no evidence whatever of the latter fact. Under the statute denouncing the crime, either the father or mother of children may commit it, resulting in it being the duty of each of them to the children to make provision for them, regardless of what may be the duty of the father as between him and the mother. The evidence proves that the children were left with the mother, but no evidence was offered to prove that either the children or their mother were in indigent and destitute circumstances. While it is the duty of the father to support his children, even though the wife and mother may leave the father and take the children with her, and although the fact that friends and relatives prevent the child from suffering, Commonwealth v. Donovan, 187 Ky. 780, it cannot be said under this statute that the father has left his children in indigent and destitute circumstances, if they have ample means of support of their own, or that their mother, with whom they are left, has such means.

The motion to exclude the testimony of the wife, and to direct a verdict for the accused, should have, upon the evidence offered, been sustained.

The judgment is therefore reversed and cause remanded for proceedings not inconsistent with this opinion.