## Stone v. Commonwealth.

(Decided November 27, 1925.)

### Appeal from Warren Circuit Court.

Infants—Evidence Held Insufficient to Sustain Conviction for Abandonment of Children.—In prosecution for abandonment of children, evidence held insufficient to sustain conviction.

O. P. ROPER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Atorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, whom we will refer to as defendant, was found guilty of abandoning his children, and his

punishment fixed at one year's confinement in the penitentiary.

After twelve years of married life, defendant and his wife concluded they could not agree, and on May 26, 1922, entered into a separation agreement. At that time he conveyed her his farm, which was all the land he owned, gave her $1,000.00 in cash, a cow, a sow and eight pigs, everything in the house, all the farming tools and enough meat to do her for twelve months, as well as about fifteen cords of wood. Shortly after that, he gave her $10.00 at one time, $12.50 at another, and later, on several occasions, he gave her $10.00.

On April 10, 1923, they thought they could live together and undertook to do so. Mrs. Stone returned the $1,000.00 he had given her. They lived together nine days and again separated. When he left the last time, he put in the bank to the credit of his wife, $200.00. Afterwards, he gave her four hogs, some wood and coal, and he says about $100.00 in money at different times; he paid an overdraft of $24.54 at the bank for her; fire insurance upon her property; her taxes; a $25.00 dentist bill; gave her five bushels of potatoes, twenty chickens; furnished the children all their every day clothing; gave her two loads of corn in 1923, and her meat for 1924.

Mrs. Stone sued him for divorce, and when the divorce was granted, he gave her back the $1,000.00 which she had given him in April. The proof shows that he is carrying insurance of $5,000.00 on his life, payable to these children, the premium on which amounts to about $150.00 per year. Defendant is engaged in the mercantile business at Hydro, and has in his store, clothing suitable for the use of these children. He testified that he had sent his wife word to send the children to the store for clothing, and that she refused to let them come. Mrs. Stone is not occupying the farm that defendant conveyed to her, but is getting the benefit of it. She and the children live with her father. She does not deny the things testified to by defendant, and there is really no conflict in the testimony. Mrs. Stone admitted having now about $500.00 of the money her husband had given her.

Defendant has asked for a new trial, first, because the court erred in refusing to instruct the jury peremptorily to find him not guilty. Second, because the verdict is against both the law and the evidence. Third, because of what he says was misconduct of the Commonwealth's attorney in his argument to the jury. We feel, under the

circumstances, that the court érred in refusing to direct the jury to acquit defendant. Having reached that conclusion, it is not necessary that we consider the other reasons assigned for a new trial, as the evidence will perhaps be different if there is another trial, and we are sure that the Commonwealth's attorney will not again make the remarks of which defendant complains.

The evidence in this case does not show that defendant had abandoned his children; but if in the future, he should do so, and should neglect them, and fail to support them, he can be reindicted.

It is ordered that the judgment be reversed and the cause remanded for consistent proceedings.