## Barker v. Commonwealth.

(Decided December 1, 1925.)

### Appeal from Carter Circuit Court.

1.  Criminal Law—Court Not Required to Give Separate Instructions on Facts Not Constituting Complete Defense to Charge of Child Desertion.—In prosecution for child desertion, court was not required to give a separate instruction on facts and circumstances bearing on question of willful desertion and failure to provide, where they were not such as to constitute a complete defense to the charge.

2.  Parent and Child—Whether Defendant Willfully Deserted and Failed to Provide for His Infant Children Held for Jury.—In prosecution for child desertion, whether defendant willfully deserted and failed to provide for his infant children held for jury.

3. Parent and Child—Evidence that Witness Heard Defendant Begging His Wife to Stay at Home Held Properly Excluded as Immaterial.—In prosecution for child desertion, testimony of witness that he was present when defendant's wife left him, and heard him begging her to stay home, held properly excluded as immaterial.

4. Parent and Child—Duty of Father to Support His Infant Children is a Continuing One.—Duty of father to support his infant children is a continuing one, and that wife leaves over his protest and takes children with her is no excuse for his failure to perform that duty.

AUSTIN FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of child desertion and his punishment fixed at one year's imprisonment.

The facts are these: Appellant was a laborer in the clay mines at Haldeman, Rowan county. On July 9, 1924, his wife left him and their children were sent to the home of her father, W. M. Harper, in Carter county. Two of the children were twins only four months of age, and the other child was older. According to Mr. and Mrs. Harper, appellant came to their home the day after the children arrived and offered to give the Harpers half of his wages if they would take care of the children. The Harpers agreed to this arrangement, but appellant did not keep his part of the contract. Later on he returned to the Harper home and offered to pay them $25.00 a month, but they refused to do so and told appellant to take the children. Shortly thereafter appellant notified Harper that he did not intend to take the children and would not pay anything except as required by law. When the children came they had fairly good clothes. While there appellant sent them 25 yards of dry goods and his father furnished the children milk for two or three weeks. During the whole time the children were there appellant never paid them a cent.

According to appellant, his wife sent the children to the home of her father. He told her that if she would take her duds and go to her father's and keep the children there he would give her half of his wages, but she would not agree to that. The next day he went to the Harper home to make provision for the children. He

told them that if his wife would stay there and take care of the children he would give them half his wages, but his wife refused to stay with the Harpers. After that he offered to pay the Harpers $25.00 a month to take care of the children, but the offer was refused. Aside from this, he sent the 25 yards of dry goods to be made into clothes and arranged with his father to furnish the children a supply of milk. On cross-examination he stated that he offered the Harpers $25.00 a month a second time. Both times the offer was refused and he did not take the children because he had no way to keep them. John Barker, appellant's father, testified that appellant made arrangements with him to furnish the children milk and he did this as long as he had any to spare. He was present when Noah offered the Harpers $25.00 a month to keep the children, but they demanded $85.00 a month. They did not tell appellant to take his babies. When the milk gave out his wife notified Noah to tell Mr. Harper to make arrangements for Noah to buy a cow as the milk of the cow they had didn't agree with the children. This took place shortly before the indictment was returned.

It is first insisted that the court did not give the whole law of the case. The argument is that appellant did furnish the children with clothing and made arrangements for a supply of milk which was the only article of food they required; that he was homeless with no place to take the children; that he offered the Harpers, to whom the children were sent by his wife, and who were accepted from her by them, a fair compensation for taking care of the children considering his circumstances and the amount of wages he received; and, that an instruction should have been given covering this phase of the case. In our opinion these were simply facts and circumstances bearing on the question of willful desertion and failure to provide, and were not such as to constitute a complete defense to the charge and to require a separate instruction based thereon.

Another contention is that the verdict is not sustained by the evidence. In support of this position it is argued that appellant was not responsible for the children being at the home of the Harpers; that he actually made some provisions for their support while they were there; and, that at the time the indictment was returned he was actually negotiating with the Harpers as to the amount of compensation which he would pay. If the un-

contradicted evidence showed that this was true, there might be some merit in the contention. According to the Harpers, however, appellant declined to keep his first agreement to pay half of his wages, and then made an offer to pay $25.00 a month, which was refused. Upon their refusal the Harpers told him to take the children, and thereafter he neither took the children nor paid a cent for their support, but notified the Harpers that he would not pay them anything unless required by law. In view of this evidence it was for the jury to say whether or not appellant willfully deserted and failed to provide for his infant children.

The further point is made that the court erred in refusing to permit a witness to state that he was present on the occasion when appellant's wife left him and heard appellant begging her to stay at home. The duty of the father to support his infant children is a continuing one, and the mere fact that the wife leaves over his protest and takes the children with her is no excuse for his failure to perform that duty. Commonwealth v. Donovan, 187 Ky. 779, 220 S. W. 1081. In view of this rule the evidence referred to was not material and its exclusion was not error.

The purpose of the statute is to enforce the performance by the father of his statutory duty to support his infant children. The circuit court is given the power to suspend the judgment during appellant's good behavior, and, if it be true that he, in good faith, desires to make suitable provision for his children, doubtless the court, upon a proper showing, will give him an opportunity to do so.

Judgment affirmed.