### Miller v. Commonwealth.

(Decided September 25, 1928.)

#### Appeal from Russell Circuit Court.

1. Parent and Child.—Duty of parent, as outlined by Ky. Stats., sec. 331i-1, to provide for support and maintenance of minor child, and imposing penalty for failure to do so, held to be a continuing one.
2. Parent and Child.—In prosecution for desertion of child, denounced by Ky. Stats., sec. 331i-1, though child when deserted was properly provided for, held that it was father's duty, if child become indigent and destitute thereafter, to provide for it, and failure to do so was violation of statute.

3. Criminal Law.—Duty of father to child being continuing one, acquittal for failure to perform duty in one year did not excuse defendant from performing it in subsequent year, and hence prosecution for such latter failure was not in violation of Constitution, sec. 13, providing that no person shall for same offense be twice put in jeopardy.

4. Criminal Law.—In prosecution for child desertion where commonwealth attorney remarked that defendant, if convicted, would not have to go to penitentiary, but could execute bond for support of infant children, and that court would have to discharge him, held that jury could not have been prejudiced by knowledge that any prosecuted parent could under law escape prosecution and punishment by conforming to law and performing duties as provided by Ky. Stats., sec. 331i-2.

O. B. BERTHRAM and R. E. LLOYD for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Clayborn Miller was indicted for the crime of child desertion denounced by section 331i1, Kentucky Statutes. He was convicted and sentenced to serve a term of two years in the state penitentiary. On this appeal he complains that the evidence was insufficient to prove the offense, that he had been acquitted of a similar charge, and could not be tried thereon again, and that the commonwealth's attorney in his argument to the jury was guilty of misconduct prejudicial to his rights.

The statute provides that the parent of any child or children residing in this commonwealth, who shall leave, desert, or abandon said child or children under the age of 16 years, leaving said child or children in destitute or indigent circumstances, and without making proper provision for the board, clothing, education, and proper care of said child or children in a manner suitable to the condition and station in life of said parent and said child or children, shall be guilty of a felony. Section 331i1, Ky. Stats. The purpose of the statute is to protect children residing in this commonwealth from desertion and neglect, and the duty of the parent is a continuing one. Commonwealth v. Donovan, 187 Ky. 779, 220 S. W. 1081.

It is argued that the parent must have left the child in indigent and destitute circumstances, and that, if the child or children were properly provided for at the time of the desertion, the parent cannot be convicted for sub-

sequent neglect of duty. The statute is not susceptible to such a narrow construction. Although the children, when deserted, may be properly provided for, if thereafter they become indigent and destitute, it is the duty of the parent to provide for them, and his failure to do so is a plain violation of the statute. West v. Commonwealth, 194 Ky. 536, 240 S. W. 52; Stone v. Commonwealth, 211 Ky. 485, 277 S. W. 811.

The prosecution in this instance was not directed at conditions existing at the time of the desertion, but to a later time, when the children had become destitute and dependent upon the generosity of kindly disposed people for food and raiment. The evidence was sufficient to warrant submission of the case to the jury and to justify its verdict.

It appears in the record that the appellant had been previously tried on a similar charge and acquitted. He insists that the present conviction is in violation of section 13 of the Constitution of the state of Kentucky, which forbids that any person shall, for the same offense, be twice put in jeopardy. The appellant was acquitted of an offense charged to have been committed prior to October, 1925. In this case the court submitted clearly to the jury that the offense must have been committed subsequent to the other trial. The instructions properly did not permit the jury to consider anything omitted or committed by appellant prior to October, 1925, when his first trial occurred. The duty of a parent towards his children is a continuing one and acquittal for failure to perform that duty in one year will not excuse the defendant from performing it in subsequent years. A defendant may be prosecuted as often as he commits the offense.

It is finally argued that the commonwealth's attorney was guilty of misconduct in stating to the jury that the defendant, if convicted, would not have to go to the penitentiary, but could execute bond for the support of his infant children and the court would have to discharge him. The statute provides that the circuit court may postpone a trial under any indictment returned under the act during the good behavior of the parent, and is empowered to suspend judgment during good behavior. Section 311i2, Ky. Stats. The jury could not have been prejudiced by the knowledge that any prosecuted parent could, under the law, escape prosecution or punishment by conforming to the law and performing his duties to his dependents.

Our review of this record convinces us that no error prejudicial to the rights of appellant intervened at the trial.

Judgment affirmed.