## Lincks v. Commonwealth.

(Decided November 20, 1928.)

### Appeal from Laurel Circuit Court.

Parent and Child.—Where defendant's wife returned to her father's home three months after marriage, and child was born there, and she and child continued to live with wife's father, and it was not shown that defendant left child in destitute or indigent circumstances, defendant could not be convicted of violating Ky. Stats., sec. 331i, relating to desertion by parents of indigent children.

REUBEN B. JOHNSON for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

John Lincks was indicted in the Laurel circuit court for the crime of willfully and feloniously deserting, abandoning, and leaving his infant child, John Luther Lincks, under the age of 16 years, in indigent and destitute circumstances, without making any provision for the care, board, or clothing of the child, under section 331i,

Kentucky Statutes. On the trial of the case he was found guilty, and his punishment fixed at one year in the penitentiary. The facts shown by the record are these:

John Lincks and the mother of the child were married February 23, 1924. A little less than 3 months after they were married, she left her husband and returned to her father's home, and there, on October 2, 1924, the child was born, a little over seven months after they were married. She and the child have continued to live with her father since this. The child at the trial was about 3½ years old. The defendant testified that his wife, when her pregnancy became known, admitted that he was not the father of the child and left his house. On the other hand, she testified that he had intercourse with her in December before they were married. There was some confusion about the date, and he undertook to show that he was elsewhere at the time she fixed, and he denied all intercourse before the marriage. By the terms of the statute the offense is committed when defendant shall leave, desert, or abandon the child or children, leaving said child or children in destitute or indigent circumstances. To make out an offense under the statute, it must be shown that the defendant left the child in destitute circumstances. In West v. Commonwealth, 194 Ky. 539, 240 S. W. 54, the court said this:

> "The evidence proves that the children were left with the mother, but no evidence was offered to prove that either the children or their mother were in indigent and destitute circumstances. While it is the duty of the father to support his children, even though the wife and mother may leave the father and take the children with her, and although the fact that friends and relatives prevent the child from suffering (Commonwealth v. Donovan, 187 Ky. 780 [220 S. W. 1081]), it cannot be said under this statute that the father has left his children in indigent and destitute circumstances, if they have ample means of support of their own, or that their mother, with whom they are left, has such means."

There was here no evidence at all that the child was in indigent or destitute circumstances. For this reason, the judgment is reversed. All other questions are reserved.

Judgment reversed.