## Webb v. Commonwealth.

(Decided January 27, 1931.)

142

W. J. STONE for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Reversing.

Appellant was indicted for the offense of child desertion, announced by section 331i-1, Ky. Stats. The offense defined is the desertion, or abandonment, of a child under sixteen years of age by the parent, "leaving said child or children in destitute or indigent circumstances and without making proper provision for the board, clothing, education, and proper care of said child or children in a manner suitable to the condition and station in life of said parent and said child or children."

The wife of appellant left him seven months before the child was born. She returned to the home of her parents where she continued to reside until this prosecution was instituted. The child was about two and one-half years of age at the date of the trial.

The evidence established that appellant had contributed only a small sum towards the care of the child. His excuse for his failure to do more was that he had been ill, and was unable to work and that he had no property or money. He also offered as a further excuse that the grandfather of the child, the father of his wife, had ordered him from the home on the first occasion when he went to see what he could do towards assisting the child, and warned him to stay away. There was no dispute about the facts. The jury found appellant guilty, and fixed the penalty at confinement in the penitentiary for one year.

Appellant is contending that no case was made against him because the evidence did not show that the child was in destitute circumstances, or had ever been. The mother was living with her parents when the child was born, and it has been cared for by the mother and her parents since its birth. It had never been destitute. The mother has worked at an overall factory and contributed to the support of the child. The amount of money necessary to support the child, under the circumstances, was small. The question thus raised is one of interest.

The case of Richie v. Com., 64 S. W. 979, 23 Ky. Law Rep. 1237, was a prosecution under section 329, Ky. Stats. In that case it was held that the crime denounced by the section was the permanent and willful desertion of a child under six years of age under circumstances that endangered its life or health, as for instance by leaving it alone to starve or freeze, or exposing it to some contagious disease. The court there said: "Certainly, it cannot be claimed that leaving a child less than one year old in the custody and care of its own mother shows a reckless disregard either to its life or health." But that section of the statute prescribed a different offense from that denounced in section 331i-1. In the latter section it is not necessary that the desertion be in such a manner as to show a reckless disregard to life and health or to show an intention wholly to abandon it. It is only necessary that the child be left in destitute, or indigent, circumstances, and that the deserting parent fail to make proper provision for the board, clothing, education, and proper care of the child. A child could be left in destitute, or indigent, circumstances, although it was left with its mother, but it could hardly be said that, if it should be left with its mother, it had been deserted

in a manner showing a reckless disregard to life and health.

The case of Com. v. Donovan, 187 Ky. 779, 220 S. W. 1081, 1082, was written under the latter section. In that case it was held that separation from the child and failure to supply its needs were essential elements of the offense charged. The court said: "It is unquestionably the duty of the father to support his child, and this duty is absolute, and continues with him even though it be shown that the mother left him, whether with or without fault on her part, taking the child with her; and while friends and relatives may prevent the child from suffering, this is no defense to the father."

The opinion does not differentiate between the mother of the child and other relatives, but the statute places the duty of supporting a child upon the parents, and evidenly there is a distinction between the mother and other relatives. If a child should be left with its mother, and the mother had property or income to support the child, the desertion of it by the father would not constitute a desertion of a child leaving it indigent or in destitute circumstances. If the child is deserted, however, and the support is cast upon the grandparents, or other relatives, the father cannot be excused because they provide for the child, unless, perchance, they voluntarily undertake to care for the child to the exclusion of its care by the deserting parent. The obligation of the parent to support the child could be voluntarily assumed by the grandparents, or other relatives or probably by strangers, if the support so provided for the child should be given as a substitute for the care which the parent should give to it. The leaving of a child at the mercy of the public by a father is an offense, as provided in the section of the Statutes under which this prosecution was instituted, although charitably inclined relatives, or strangers, may actually support the child. It could not be said that a child is destitute, or indigent, when it is supported and cared for, but the parent must provide that support and, so far as he is concerned, the child is in destitute, or indigent, circumstances, if he does not do so.

In the case of West v. Com., 194 Ky. 536, 240 S. W. 52, it was held that the offense denounced by the statute was not made out when the evidence went no further than to show that a child had been deserted by the father

and left in the custody of the mother, as that did not show that the child was left in destitute or indigent circumstances. It was said that, if the child, or the mother, had ample means for the support of the child, it was not destitute or indigent.

In the case of Ragsdale v. Com., 195 Ky. 750, 243 S. W. 1056, it was held that the father could be found guilty of the offense denounced, although the friends and relatives of the child may have prevented its suffering or want. In that case the child had been cared for by its mother's relatives.

In the case of Miller v. Com., 225 Ky. 576, 9 S. W. (2d) 706, it was held that, although the child may not be in destitute or indigent circumstances at the time of the desertion, if it becomes so thereafter, a failure to then provide for it, as required by the statute, is a desertion within the meaning of that section. The child there deserted had become indigent and destitute and was dependent upon the charity of kindly disposed people for food and raiment, and it was held that the conviction of the father under the statute was proper.

In the case of Lincks v. Com., 226 Ky. 370, 10 S. W. (2d) 1112, the facts were found to be very similar to the facts in the case before us, but there was no proof that the child had been in destitute or indigent circumstances, and this court directed a reversal of the judgment of conviction. The opinion, by inference, holds that there should be proof of the circumstances of the child, and that there can be no inference of indigent or destitute circumstances of the child based alone on the desertion of the father. In the case before us the evidence goes further and shows exactly how the child was supported and its condition. That it had been well cared for is not disputed, but a home was furnished by the parents of the mother, and the mother and the parents cared for it out of the earnings of the mother and her parents although the mother had no property whatever and contributed to its support only the small sum which she was able to earn by working at the overall factory. But for the assistance rendered by the parents of the mother under the facts as disclosed by this record the child may have been in destitute or indigent circumstances.

In the case of Rickman v. Com., 232 Ky. 426, 23 S. W. (2d) 556, it was held that, where the evidence showed that the child was less than a year old at the time of the

trial, and that the parents of the child separated a few weeks after its birth, and that the father never contributed to its support, except a few dollars given to the mother immediately after the birth of the child and a small sum after the prosecution was instituted, a case for the jury had been made out.

From the cases cited the rule may be deduced that it is the primary duty of the father to support his infant child, and that, if he deserts it, leaving it in destitute or indigent circumstances, he is guilty of the offense prescribed by section 331i-1, Ky. Statutes. It is not sufficient to simply show the desertion, but it is necessary to show that the child was at the time left in destitute or indigent circumstances, or that it thereafter passed into that condition. The child may have been left in destitute or indigent circumstances, although it is cared for by relatives and friends other than the mother. If the child is deserted and left in the custody of the mother, and it can be shown that she has property or income sufficient to support the child in the manner required by the statute, or that the child has property or income to so care for it, the father cannot be convicted on the ground of deserting his child. If the father is willing and able to support his child, and is prevented from so doing by those having it in charge, he cannot be convicted under the statute if he shows such willingness to do that which the statute requires of him, and further shows that his good intentions were thwarted by reason of the conduct of those having the child in custody. The father may sustain a defense to a prosecution under the statute if he shows that because of illness, or other circumstances over which he has no control, he is rendered unable to do that which the statute requires of him.

In the case of Stone v. Com., 211 Ky. 485, 277 S. W. 811, it was held that the father could not be convicted under the statute where he showed that he was willing to support the child and the mother who had it in custody failed to reasonably avail herself of the offer, and in the case of Brock v. Com., 206 Ky. 621, 268 S. W. 315, it was held that the purpose of the statute is to punish fixed determination of the parent to absolutely refuse to discharge natural duties enumerated as evidence by desertion or abandonment and refusal to perform them, and that the father was not guilty of the offense prescribed by the statute where he had done the best he could willingly and in good faith, but because of extreme poverty,

a large number of children, and deficient business ability he failed to properly support the children.

Measuring the facts in the case before us by the principles announced above, we find that there was evidence authorizing the submission of the case to the jury on the question of whether the appellant had supported the child as required by the statute. The evidence also warranted an instruction on the question of whether he was prevented from so doing by the condition of his health. The court submitted these questions in the first and second instructions given, but the first instruction goes further than was warranted under the facts in the case, in that it instructs the jury to find appellant guilty if he deserted the child without making proper provisions for the board, clothing, education, and proper care of the child. If he failed to make provision for the education of the child under the instruction, the jury was directed to convict him, and he was not required under the evidence to make provision for the education of the child at its age. It was his duty to make provisions for the board, clothing, and proper care of the child, but the word "education" should have been omitted from the instruction.

We have reached the conclusion that the court should have also instructed the jury to the effect that, if they believed from the evidence that the mother of the child had, as the statute requires, provided for the board, clothing, and proper care of the child through her own unaided efforts and with the money which she had earned as the result of her own labor, they should find the appellant not guilty. If the child had been properly cared for by the mother in the manner required by the statute, the father should not have been convicted.

Judgment reversed and cause remanded for proceedings consistent with this opinion.