## Boggs v. Commonwealth.

(Decided December 11, 1931.)

G. MURRAY SMITH for appellant.

J. W. CAMMACK, Attorney General, and G. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Affirming.

Appellant was indicted for the offense of child desertion denounced by section 331i-1 of the Kentucky Statutes, found guilty, and sentenced to serve one year in the penitentiary. On his motion, the judgment and the execution of the sentence were suspended during the pleasure of the court, and so long as appellant paid $5 a month for the support of the infant child for the desertion of which he had been convicted. The appellant having failed to keep up his payments, he was later arrested on a bench warrant. On being brought before the court, he first made a motion to set aside the judgment of conviction theretofore entered, and then a motion to file a demurrer to the indictment under which he had been tried, both of which motions were overruled. Thereupon the court set aside the order suspending the execution of the judgment theretofore entered, and directed that appellant be taken to the penitentiary to serve out his sentence. Appellant has appealed from the judgment convicting him of the offense of child desertion.

The commonwealth insists that this appeal should be dismissed because not taken in time. The question presented by that motion is one of some difficulty, because of the provisions of section 331i-2, providing for the suspension of the execution of a judgment under this statute, and the finality of a suspension after five years, but, inasmuch as we are of opinion that, even though the appeal be held to be here in time, the appellant may not complain of the judgment in the case because of the defective indictment, we have decided to pass without decision this question raised by the commonwealth and go right to the merit of the appeal of the appellant. His argument for reversal is that the indictment failed to charge that the child which he is accused of deserting was a resident of this commonwealth, and he relies upon the case of Commonwealth v. Donovan, 187 Ky. 779, 220 S. W. 1081, which holds that the offense denounced by section 331i-1 applies only to children residing in the commonwealth. Appellant, after he had been indicted, never filed any demurrer to the indictment, but went to trial on the merits, and was found guilty. The indictment charges that in the county of Madison, state of Kentucky, the appellant on the 15th day of February, 1928, and within one year before the finding of the indictment, did unlawfully and feloniously leave, desert, and abandon his infant child under sixteen years of age in destitute and indigent circumstances. It will thus be seen that, although the desertion and failure to provide is alleged to have occurred in Kentucky, the indictment does fail to allege that the child deserted and unprovided for was a resident of Kentucky. Though the indictment does charge the offense denounced by section 331i-1 defectively, it yet states a public offense, at least that of willfully failing to provide for one's minor child. See Kentucky Statutes, sec. 328. And therefore, after trial, verdict, and judgment, no complaint being made that the evidence did not make out a case under section 331i-1 of the Statutes, it is too late to complain of the defect in the indictment. Yarberry v. Commonwealth, 209 Ky. 15, 272 S. W. 24; Wells v. Commonwealth, 195 Ky. 740, 243 S. W. 1015; Lightfoot v. Commonwealth, 80 Ky. 516. It follows, therefore, that the judgment of the lower court must be, and it is hereby affirmed.

Whole court sitting.