## Clark v. Commonwealth.
(Decided Feb. 11, 1936.)

J. H. PREECE and J. B. CLARK for appellant.

B. M. VINCENT, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Haskell Clark appeals from a 1-year sentence for child desertion.

The only question we need consider is whether or not the verdict is sustained by the evidence.

The facts are: The prosecuting witness, Fannie Clark, and appellant were married December 24, 1932, but never at any time lived together. She made her home with her mother. On March 27, 1934, Joan Clark was born, and appellant was the father of the child. On April 9, the prosecuting witness appeared before the grand jury of Martin county and obtained the indictment, which was returned on April 10, 1934. Two weeks before the birth of the child, J. B. Clark, appellant's father gave her mother $5 with which she purchased clothes for the child. At the time the indict-

ment was returned, she was nursing the child. She had no property nor income of her own, and the $5 furnished by appellant's father was all that was furnished her up to April 10, 1934, when the indictment was returned. At the time the child was born, and for some time prior thereto, appellant was in school at Richmond. None of the witnesses for the commonwealth testified that appellant was informed of the birth of the child, and appellant testified that he did not know that the child had been born.

The gist of the offense of child desertion is the parent's desertion or abandonment of a child under 16 years of age, leaving said child in destitute or indigent circumstances, and without making proper provisions for the board, clothing, education, and proper care of said child in a manner suitable to the condition and station in life of the parent and child. Kentucky Statutes, sec. 331i-1. To sustain a conviction under the statute it of course was necessary to show not only that the child was left in destitute or indigent circumstances, but that appellant, who lived some distance away, with knowledge of its birth, failed to make provision for the child within a reasonable time. It is true that one may be guilty of child desertion, although the wife's relatives or strangers may take care of the child. Ragsdale v. Commonwealth, 195 Ky. 750, 243 S. W. 1056; Commonwealth v. Donovan, 187 Ky. 779, 220 S. W. 1081; Webb v. Commonwealth, 237 Ky. 141, 35 S. W. (2d) 14. However, that is not the situation here. In the first place, appellant's father, acting on behalf of appellant, who was absent, furnished the mother of the child two weeks before the child was born the sum of $5 with which to purchase clothes for the child, and she used it for that purpose. During the few days before the indictment was returned, the mother nursed the child, and it does not appear that anything else was needed for the comfort of the child. Not only so, but appellant's evidence that he did not know of the birth of the child, and consequently did not have an opportunity to make any provision for the child, was practically uncontradicted. Upon this showing we are constrained to conclude that the verdict is flagrantly against the evidence, and to add that the Assistant Attorney General concurs in the conclusion.

Judgment reversed and cause remanded for a new trial not inconsistent with this opinion.