# Miller v. Commonwealth.

Oct. 11, 1940.

J. B. Hannah, Special Judge.

W. Claude Caudill for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant was sentenced to two years in the penitentiary for deserting his infant child, one year of age, leaving it in destitute or indigent circumstances, in violation of Kentucky Statutes, Section 331i-1, and brings this appeal.

About March 3, 1939, the appellant left his home and went to the home of his father in Ohio. At the time he left he was a WPA worker earning approximately $90 a month. He owned a cow and some chickens and

had some feed 'for the cow. His wife owned the home in which they lived. At this time there was due him in wages earned $32, which his wife collected after he left. He had been running a store account and had authorized the storekeeper to permit his wife to' charge as much as $20 per month. After the defendant left his wife did not use this charge account or buy anything at the store on her husband's credit but testifies that she could have done so and the storekeeper testified that he would have permitted her to buy on credit to a reasonable extent. The appellant's wife appeared before the grand jury, and the indictment on which he was tried and convicted was returned approximately one month after he left.

A mere statement of the evidence is sufficient to show that at the time the indictment was returned the appellant was not guilty of the crime for which he was tried and convicted since the $32 of his money collected by the wife was far more than sufficient to provide for this one year old child up to the time of the returning of the indictment and in addition thereto the wife could have purchased at the store at which appellant ran a charge account ample provision to have supported the child during this time. - Further, he had left a cow to furnish milk for this child during the same period. The crime with which appellant was charged is committed, not alone by desertion but this desertion must be accompanied by a failure to make provision for the child and in addition thereto it must be proven that the child was left in indigent circumstances. West v. Com., 194 Ky. 536, 240 S. W. 52; Lincks v. Com., 226 Ky. 370, 10 S. W. (2d) 1112; Webb v. Com., 237 Ky. 141, 35 S. W. (2d) 14.

Apparently the trial court had in mind the situation existing at the time of the trial, which was months after the indictment was returned but appellant, of course, could only be convicted for acts committed prior to the finding of the indictment. At the time of the indictment and prior thereto the evidence is conclusive that the child was not in destitute or indigent circumstances and therefore appellant was entitled to a directed verdict.

The desertion of the child is a continuing affair and it may be that the child later became in indigent circumstances within the meaning of the statute so that the then existing situation would make appellant guilty of the crime with which he was charged but we are not here

72

concerned with this. Only the condition at the time the indictment was returned, and prior thereto, can be considered.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.