## Robinson v. Commonwealth.

October 21, 1949.

J. B. Campbell for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE LATIMER—Reversing.

Appellant was indicted upon the charge of child desertion, an offense under Subsection (1) of 435.240 Kentucky Revised Statutes. He was convicted and his punishment fixed at 2 years confinement in the Penitentiary. He is here urging reversal apparently on the ground that the evidence is insufficient to sustain the verdict.

We gather from the evidence that the appellant and his wife, Nell Robinson, were married in 1944 in Detroit, Michigan. The wife had two children by a former marriage. Both husband and wife continued working in a defense plant in Detroit until some time in 1946 when they moved to Knox County, Kentucky, Mrs. Robinson's native county. In 1946 they had a son born to them. It will be unnecessary to detail the difficulties, squabbles, quarrels, and bickerings that led up to the charge herein. The record discloses that some time in 1948, Mrs. Robinson asked her husband to stay at home and care for their infant child, who was then about 2 years of age, while she went to Barbourville on business. While away she obtained a warrant for her husband on some apparently trivial charge, exactly as to what it was, this record does not disclose. On that day he was arrested and placed in jail. A few days later, and while appellant was yet in jail, Mrs. Robinson filed a suit for divorce against him and in her petition asked for, and was granted, a restraining order restraining and enjoining him from coming back to their home. She followed this then with the indictment for child desertion.

Upon the trial of the cause it was shown that appellant expended something over $1,600 for the support of his family within the 22 months following their return from Detroit. The evidence further shows that Mr. Robinson had periodic attacks of some sort of indigestion and was sick much of the time and unable to work.

On the strength of his poor health and inability to work his wife was drawing $45 per month from the Welfare Department for the benefit of her three children.

The record is replete with evidence of much quarreling and bickering, apparently brought on and accentuated by Mrs. Robinson's mother and immediate family. There is also apparent failure to show that appellant left his child in destitute or indigent circumstances.

We cannot fail here to commend the Attorney General for his honest and straightforward recognition of the fact that the Commonwealth failed to prove its case and the equally frank recognition of the justice in this case. We incorporate herein a statement from appellee's brief covering this portion of the case:

"Sometime in March 1948, before the indictment was returned in June, Nell Robinson procured a warrant against her husband on which he was arrested and confined in jail for some considerable time, it does not appear just how long. It does not appear that these warrants were ever prosecuted by the wife, nor does it appear what the charges were, but we conclude they were frivolous and unwarranted and brought about or instigated or inspired by relatives of the wife, or some evident petulant, fault-finding disposition of the wife. It is fairly made to appear that from the time of the issuance of these warrants and after appellant had been released from jail, and up to the time of the trial, the wife had refused to permit her husband to come back to the home where she and her three children were and that, in this refusal she was acting under the advice of her relatives, although the evidence does show that at certain of these times the husband did come back and would perhaps remain at home for a day or night at a time, or at such times as suited the whims of the wife."

In view of the fact that there is no evidence of substance that this was an abandoned or destitute child or that appellant had deserted within the meaning of the law, we have no other alternative than to say the evidence is insufficient to support a conviction. See West v. Commonwealth, 194 Ky. 536, 240 S. W. 52, and Webb v. Commonwealth, 237 Ky. 141, 35 S. W. 2d 14, 15.

Wherefore, the judgment is reversed with directions, that if the evidence is the same upon a succeeding trial, to direct a verdict for defendant.