## CAUDILL v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 13, 1953.

S. M. Ward, Hazard, for appellant.

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Appellant, Luther Caudill, was convicted of child desertion and his punishment fixed at confinement in the penitentiary for one year. He assigns two grounds for reversal: (a) the indictment did not charge a public offense; (b) if a public offense was charged, the instructions were erroneous because they did not follow the language of the indictment. As we think the first ground is well-taken, we do not reach the second.

The indictment is in hybrid form. The accusatory part charges appellant with the crime of "deserting and abandoning his children, without complying with the orders of the Perry Circuit Court as set forth in the judgment granting a divorce, relative to the custody and support of said children.". The descriptive part charges him with willfully and feloniously deserting and abandoning his children (naming them) under sixteen years of age and while they were residents of Perry County "without making proper care of said children in a manner suitable to the condition and station in life of said defendant and children without complying with the orders of the Perry Circuit Court as set forth in the judgment granting a divorce, * * * and ordering him to pay $100 per month for the support of said children in violation of KRS 435.240 * * *."

It is patent this indictment mixes the language of KRS 435.240(1), which makes it a felony for a parent to desert or abandon a child under sixteen years of age leaving it in destitute or indigent circumstances, with the language of KRS 435.240 (3), which makes it a felony for a parent to fail to comply with a judgment in a divorce action providing for the maintenance and support of a child under sixteen by a parent.

That part of the indictment which is attempted to be drawn under KRS 435.-240(1) omits the gravamen of the offense denounced by that section, that the children were abandoned under sixteen years of age in destitute or indigent circumstances. It is no offense under the first section of the statute to abandon infant children unless they are under sixteen years of age and in destitute or indigent circumstances. West v. Com., 194 Ky. 536, 240 S.W. 52; Miller v. Com., 284 Ky. 70, 143 S.W.2d 854, and cases therein cited. We do not decide whether the indictment stated an offense under KRS 435.240(3) because in Commonwealth v. O'Harrah, Ky., 262 S.W.2d 385, this section of the statute was held to be unconstitutional.

The Commonwealth argues no demurrer was filed to the indictment and appellant waived any defect in it. True, a defect or irregularity in an indictment is waived where no demurrer is filed, but where the indictment does not charge a public offense the sufficiency thereof may be raised on appeal even though demurrer was not filed. Strunk v. Com., 302 Ky. 284, 194 S.W.2d 504. In the instant case a motion by appellant for a directed verdict was overruled, and we have several times held that where an indictment does not state a public offense, the sufficiency of it is raised by motion of accused for a directed verdict. Settles v. Com., 294 Ky. 403, 171 S.W.2d 999, and authorities therein cited.

It may be well to say in passing, that the fact the indictment here does not charge a public offense does not prevent the Commonwealth from resubmitting the matter to another grand jury or from trying accused on a good indictment drawn under KRS 435.240(1).

The judgment is reversed for proceedings not inconsistent with this opinion.