Cleve RAWLINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 3, 1961.

---

S. H. Rice, Irvine, for appellant.

John B. Breckinridge, Atty. Gen., Troy Savage, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

Cleve Rawlins, a 43-year old unskilled laborer, was convicted for abandoning his children "under the age of sixteen years, leaving (them) in destitute or indigent circumstances and without making proper provisions for the board, clothing, education and proper care of the (children) in a manner suitable to the condition and station in life of the parent * * *," KRS 435.240(1), and was sentenced to a year in the penitentiary. The indictment charged that the offense occurred on June 2, 1960, and within twelve months before the finding of the indictment on June 6, 1960.

The only witnesses were Cleve and his wife, Mary Jane, and Mary Jane's employer whose testimony was immaterial. The children whom Cleve is charged with leaving destitute are an 11-year old daughter and a 13-year old son. The family lives in Irvine next door to Cleve's widowed mother, and the record discloses that the little boy spends most of his time with his paternal grandmother largely for the latter's convenience and protection. There is no evidence that the children are not properly fed, clothed and educated. In fact, for the year prior to the indictment they were admittedly supported by the earnings of Mary Jane except for whatever support the little boy received through spending the nights with his grandmother and whatever meals he received from her as her companion. At no time did Cleve leave Irvine and, in fact, he apparently did not leave the family home until he was jailed for 39 days and placed under a restraining order and peace bond for six months upon complaint of his wife. While under the restraining order, the specifics of which are not recited in the record and peace bond,. Cleve did not return home—apparently because he could not without violating the order, but rented a room in nearby Ravenna and made a frugal living for himself doing odd jobs in the area. He stated that he saw the children nearly every day at his mother's, admitted that he had not contributed to their support in the year before the indictment except to keep the home while his wife worked. Cleve had been injured in 1955 while working in Dayton, Ohio, and as a result had a metal shaft about six inches long in his right leg and a metal pin in his right knee. He claimed he had not been able to do heavy work since that time, but was forced to find lighter work which was not plentiful. For the decade following the war—the couple married in 1946—Cleve apparently worked steadily. Mary Jane had had a serious operation a few years before their present difficulties and the bills were still unpaid.

While it is apparent that Cleve has not done his part recently to support his family, it is difficult for us to see how he has abandoned them or left them in destitute circumstances within the meaning of the penal statute. He apparently has been restrained from going home, and both Mary Jane and he testified that she has supported the children. Whatever support Grandmother Rawlins has given the little boy is a voluntary thing and not a necessity.

We conclude that this case comes within the general rule stated in Webb v. Commonwealth, 237 Ky. 141, 35 S.W.2d 14, 16, that "if the child had been properly cared for by the mother in the manner required by the statute, the father should not have been convicted." As stated in Brock v. Commonwealth, 206 Ky. 621, 268 S.W. 315, 316:

 

"In order to warrant a conviction under such a statute, all the elements of the offense must be made out. There must be an intention to wholly abandon the child and entirely sever, so far as possible, the parental relation and to throw off all obligations growing out of the same."

There is no evidence of that in the case at bar.

The judgment is reversed.