Leonard **FITZGERALD**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 20, 1966.

Donald D. Harkins, Begley & Harkins, Danville, for appellant.

Robert Matthews, Atty. Gen., Joseph Eckert, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This is an effort by appellant to avoid serving four years at hard labor in the State Reformatory, which was imposed upon him under a conviction for a violation of KRS 435.240(3) (a) for his failure to support his three infant children in obedience to a judgment of the Boyle Circuit Court in a divorce proceeding.

Appellant and his wife Mary Katherine were divorced by judgment of the Boyle Circuit Court September 1963. The original judgment awarded custody of their three small children to the mother and directed appellant to contribute $25 a week toward their support and maintenance. In the following December, the mother and father entered into an agreement reducing the weekly payments to $15. Thereafter, Mary Katherine married another Fitzgerald, a second cousin of appellant.

The appellant insists on this appeal that the indictment does not contain the "essential" elements of the crime charged and that the evidence on the trial was insufficient to convict.

The indictment charges that:

"On or about the 10th day of July 1965, in Boyle County, Kentucky, the above named defendant, being under order of the Boyle Circuit Court in a divorce action required to pay the sum of .$15.00 per week for his three children under sixteen years of age, did abandon said children by failing to comply with the order of said court. * * *"

Opposite, or just under the style of the case in the indictment, apparently on a line provided therefor on the printed forms, the above numbered section of the statute is written, but no reference is made to the statute in the accusatory part of it. The statute charged to have been violated, KRS 435.240(3) (a), provides:

"If a divorce has been granted by a court of competent jurisdiction, and thereafter the parent of any child under the age of sixteen years shall fail to comply with the orders of the court relative to the maintenance or support of the child as set forth in the judgment granting the divorce, while said child is in indigent or destitute circumstances * *

the parent so doing shall be deemed guilty of a felony * * *."

Prior to the promulgation of Kentucky Rules of Criminal Procedure on January 1, 1963, this court interpreted Section 122 of the old Criminal Code of Practice as requiring an indictment to contain every essential element of the crime charged. It is now provided by RCr 6.10 that an indictment "shall be sufficient if it contains, a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged."

It is further stipulated in RCr 13.06 that: "The forms contained in the Appendix of Forms are sufficient under these Rules and illustrate the simplicity of statement contemplated."

The following illustrations listed under Form 15 (indictment) are examples of brevity and simplicity:

| | |
|---|---|
| "Assault and Battery: | 'committed assault and battery upon John Jones.' |
| "Burglary: | 'burglarized the dwelling house of John Jones.' |
| "Murder: | 'murdered John Jones by shooting him.' |
| "Rape: | 'raped one Jane Jones, a female over 12.'" |

---

■ From the foregoing illustrations the limpid fact emerges that in Kentucky criminal procedure an indictment is sufficient if it fairly informs the defendant of the nature of the crime with which he is charged. Any reasonable minded person knows the meaning of murder, rape, burglary and child desertion.

Furthermore, RCr 6.22 entitles the defendant in a criminal proceeding to have a bill of particulars if he entertains a doubt as to the nature of the crime charged.

■ In the present case, we conclude the indictment is sufficient.

■ We turn now to determine whether the evidence was sufficient to support the verdict. The statute under which appellant was tried requires proof that the child was in indigent or destitute circumstances before a parent may be convicted thereunder. In fact, Commonwealth v. O'Harrah, Ky., 262 S.W.2d 385 declared an act of 1950 was unconstitutional that did not contain a requirement of proof of indigency or destitution. And in Commonwealth v. Mason, Ky., 317 S.W.2d 166, it was decided that the defense of inability to pay must be considered available as a defense under the statute.

■ The evidence in the present case shows appellant paid $154 during the period the judgment required him to pay a total of $375, but the mother of the children shortly after the divorce from appellant had remarried a second cousin of his. The present husband has a job, and the proof shows without contradiction that the children are being well cared for from material and educational standpoints. So, the very foundation on which the constitutionality of the statute is based (indigence or destitution) not having been proven in this case, the conviction must fall. The fact the child involved in a prosecution of this nature is supported by the parent not on trial or one standing *in loco parentis* is a defense under the statute. Cf. Webb v. Commonwealth, 237 Ky. 141, 35 S.W.2d 14, and Brummitt v. Commonwealth, Ky., 357 S.W.2d 37.

The conclusions reached herein make it unnecessary to discuss other questions

raised in the able and helpful briefs filed herein by both appellant and appellee.

The judgment is reversed. In the event the evidence is substantially the same upon retrial of this case, the trial court will direct a verdict of acquittal.