**Harold THOMPSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

———◆———

Stanley C. Nickell, Greenup, for appellant.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

The appellant, Harold Thompson, was convicted of the offense proscribed by KRS 435.240(3). That statute makes it a felony for a parent to fail to comply with an order of the court relative to the support of an infant child as set forth in a judgment granting a divorce, if the child is in indigent or destitute circumstances. A single question is presented in the defendant's appeal. He insists that the evidence was insufficient to submit the question of

his guilt or innocence to the jury. No argument is made concerning either the constitutionality of the statute or the conduct of the trial. We affirm the judgment.

The defendant and his former wife, the prosecuting witness, were divorced in 1964. The judgment of divorce awarded the custody of the five infant children of the parties to the mother, and the defendant was ordered to pay $200 per month for their support. At the time of the trial, the children ranged in age from seven to thirteen years. In 1969 defendant paid $700 for their support of which $300 was for the year 1968. He paid $400 in 1970, but this payment also was marked "back pay."

The defendant worked steadily until sometime in 1968 when he quit his job and withdrew either $11,000 or $14,000 which was his portion from a profit-sharing plan. He used $5,000 of this money as downpayment on the purchase of a trailer-tractor, but it was later repossessed. After that occurred, he drove for a trucking firm and worked for his brother.

The mother of the children secured work at a shoe factory from which employment she is receiving a maximum salary of $70 per week. Her place of employment is in Flemingsburg, Kentucky, where she rooms during the week. The children stay with her parents in South Shore, Kentucky. The mother returns to South Shore on the weekends to be with her children. The grandparents provide additional support for the children and care for them during the week.

The jury found defendant guilty and fixed his penalty at five years in the penitentiary.

The defendant contends that the mother has sufficient income to keep the children herself and that they are not in indigent or destitute circumstances. He also points out that the grandparents supplement the support afforded by the mother. He asserts, therefore, that the elements of the crime required by the statute are not present and he was entitled to a directed verdict. He also argues that the verdict of the jury is contrary to the evidence.

The defendant relies upon Webb v. Commonwealth, 237 Ky. 141, 35 S.W.2d 14 (1931). In Webb it was held that a child left with and supported by the mother is not deserted by the father in "destitute or indigent circumstances" within the provisions of a predecessor statute to the one with which we are concerned. In that case, we also held that although the child involved was well cared for, the defendant could be convicted of a violation of the applicable statute. There, the child was cared for by the mother's parents and by her out of her own earnings. She had no property and but for the assistance rendered by her parents the child could have been in "destitute or indigent circumstances." The Webb opinion said that a child could be regarded by the jury as in destitute or indigent circumstances although it is cared for by relatives and friends other than the mother. If it can be shown, however, that she has property or income sufficient to support the child or that the child has property or income sufficient for its proper care, the father cannot be convicted under such a statutory provision as is here present. We also noted other possible defenses, but they are not presented or advanced in the instant case.

In Fitzgerald v. Commonwealth, Ky., 403 S.W.2d 21 (1966) we noted that if the child was supported by the parent not on trial or was supported by one standing in loco parentis either of these conditions constituted a bar to conviction.

The real inquiry is whether a jury issue is presented. In the instant case as in Webb, the children are being cared for by the parent not on trial and by relatives who do not stand in loco parentis. We conclude that reasonable minds could differ concerning whether the mother's earnings from which her living expenses incurred in the earning of the income must be deducted, are sufficient, when applied to the support of these five children, to pro-

vide them with that level of subsistence and care envisioned by the statute. The father does not claim that his failure to support them is caused by any legally excusable circumstances. His defense is pitched solely and squarely upon the mother's ability to maintain the children. The evidence left that question sufficiently open so that a jury determination was required.

The judgment is affirmed.

All concur.