## Black v. Commonwealth.

(Decided May 7, 1935.)

ROSS & ROSS for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

W. O. Black appeals from a one-year sentence for child desertion.

The principal ground urged for reversal is that it was not shown that appellant left the child in destitute circumstances. The evidence discloses the following situation: Appellant is the husband of Elsie Black, and the father of James Allen Black, who was born December 23, 1931. The child was born at the home of his maternal grandfather, and has never lived anywhere else. The mother had no property, and the child was supported by his grandfather. Appellant's mother also gave the child some old clothes. During the year 1932, appellant contributed to the child's support the sum of $2. During the year 1933, he gave the child a penny. Between January 1, 1934, and May 9, 1934, the day the indictment was returned, appellant furnished his wife $22. During that period Mrs. Black was confined and gave birth to another child, who died. According to Mrs. Black and her father, appellant directed that the $22 be equally divided between the doctor and the undertaker, and this was done. Mrs. Black also testified that appellant drove a truck for the county during the year 1933, and said that he had a job in Cincinnati during the summer of 1932. On the other hand, the evidence for appellant tends to show that he had not been able to get any work during the greater portion of the time after the child was born, and that when he had work his earnings were very meager.

The principles of law applicable to a case like this may be summarized as follows: A father who is willing and able to support his child is not guilty of child desertion, if prevented from taking care of the child by those having its custody. A father may defend a prosecution for child desertion by showing that illness or other circumstances prevented him from supporting the child. A child is not left in "destitute or indigent circumstances" if supported by its mother from her own income or earnings. If, however, the father deserts the child and its support is cast upon its grandparents, or others, the child is in "destitute or indigent circumstances," so far as the father is concerned, and he is guilty of child desertion. Section 331i-1, Kentucky Stat-

utes; Webb v. Commonwealth, 237 Ky. 141, 35 S. W. (2d) 14. In view of the small contributions made by appellant to the support of his child, and of the fact that the child was supported almost entirely by his grandfather, we are constrained to the view that the question, whether appellant abandoned and left the child in destitute or indigent circumstances, without making proper provision for him, was one for the jury.

Another alleged error is that the court erred in admitting evidence of the birth and death of a second child. This evidence was accompanied by evidence that the $22 sent to Mrs. Black was sent with directions to divide it equally between the doctor and undertaker. In the circumstances, the evidence complained of tended to show that practically all the money that appellant sent his wife was furnished for another purpose, and not for the child's support, and was thereafter clearly admissible.

Another contention is that the court erred in excluding evidence relating to the frequency of the trips made by Mrs. Black from Cincinnati to Richmond, and to the person who accompanied her. The child was never in the custody of its mother when she left or returned, and it is not perceived how the frequency of her trips or her associates on her trips tended in the least to excuse or justify appellant's failure to provide for the child. On the contrary, it is apparent that the offered evidence was wholly irrelevant, and was therefore properly rejected.

Judgment affirmed.