## Cox v. Commonwealth.

Oct. 17, 1939.

O. P. Roper and J. D. Standard for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

The appellant, Harvey Cox, and the prosecuting witness, Mrs. Grace Cox Humphreys, were formerly husband and wife and two children were born to their marriage, a boy and a girl. At the time of the trial of this case, the boy was eight years old and the girl six years old. Appellant and the prosecutrix separated when the girl child was about one year old and after the separation the boy was placed in the home of G. W. Cox, the father of the appellant, and the appellant also returned to his father's home and lived with his father and little boy. The girl child was placed in the home of a Mrs. Stokes, a sister of appellant. Sometime after the separation the parties were divorced and the prosecutrix married a man named Humphreys, but it appears that they had separated and were not living together at the time of this trial.

Soon after the divorce was granted the prosecuting witness, the mother of the children, went to the homes of G. W. Cox and Mrs. Stokes and procured her two children and took them to her home in Hopkinsville, and soon thereafter she procured an indictment against appellant under Section 331i-1 of the Kentucky Statutes, charging him with the crime of child desertion, in that he abandoned and left his said children in destitute and indigent circumstances and without making proper provisions for their support. Upon a trial of the indictment appellant was convicted and sentenced to two years in the penitentiary, from which judgment he has prosecuted this appeal, insisting upon a reversal of the same upon various grounds, among which are, that (a) he did not desert or abandon the children, and (b) the children were not in destitute and indigent circumstances and are being properly cared for.

The prosecuting witness, Mrs. Humphreys, testified on direct examination that after she took her children from the homes of G. W. Cox and Mrs. Stokes, appellant had done nothing for them except he had given them $4 in money and $4 worth of clothes, and had refused to do anything more for them. She testified that "they (G. W. Cox and Mrs. Stokes) did not treat them as they should have, and I went and got them." It is thus seen that the prosecuting witness' statement that the children were not treated as they should have been, is a mere conclusion of the witness without stating facts showing how the children were treated. Her evidence on this point was materially contradicted by the evidence of G. W. Cox and Mrs. Stokes and neighbors in the community who had the opportunity to, and did, observe the treatment of the children. According to their evidence, the children were fairly well cared for and were not in a destitute or indigent condition.

However, on cross-examination the prosecuting witness stated that when she went to see the little girl, "she did not have on clothes enough to cover her nakedness." She also testified that when she went to see the little boy, his hair had grown out and that the clothes he had on were ragged, but she did not state whether or not the children had any other or better clothes than the ones they had on when she saw them; nor did she testify concerning the food they were furnished nor to any state of facts tending to show the children were not furnished with the necessities of life, except her reference to their clothes. She further testified that when she took the children from the homes of G. W. Cox and Mrs. Stokes, she agreed that she would take care of them.

With reference to her income and financial ability to care for the children, she testified that she was working in Hopkinsville, and it appears that her earnings ranged from $5 to $8 per week. She further testified as follows:

"Q. The children have been pretty well provided for by you? A. They do very well. They need clothes, and need help in school.

"Q. They have had the benefit of the schools in Hopkinsville? A. Yes, sir.

"Q. They have not been deprived of any educational opportunities? A. No, sir.

"Q. They have had suitable clothes and rearing since you have had them? A. Yes, sir.

"Q. You have done that from your own resources without any help from the defendant? A. Yes, sir.

"Q. They have not suffered any? A. No, sir, I don't intend for them to suffer as long as I live."

We do not think there is any evidence of a substantial nature tending to show that these children were in destitute or indigent circumstances while they were with their grandfather and Mrs. Stokes, and it is made manifest from the evidence of the prosecuting witness that she, out of her own earnings, has supported the children and furnished them the necessities of life since she has had custody of them and that they are not now in destitute or indigent circumstances, in contemplation of the statutes, supra.

In Webb v. Commonwealth, 237 Ky. 141, 35 S. W. (2d) 14, 15, it is said:

"If a child should be left with its mother, and the mother had property or income to support the child, the desertion of it by the father would not constitute a desertion of the child *leaving it indigent or in destitute circumstances.*" (Our italics.)

Also, in the case of Osborne v. Commonwealth, 241 Ky. 345, 43 S. W. (2d) 990, it is held that where the parties were divorced and the custody of the child given to the mother, there was no desertion or abandonment of the child by the parent from whose custody the child is taken.

It is not disputed that upon the separation of the appellant and the prosecuting witness, by agreement the children were placed in the homes of their grandfather and aunt, Mrs. Stokes, and as we have noted, there is no evidence of a substantial nature, tending to show that the children were not furnished the necessities of life or permitted to become in destitute or indigent circumstances while they remained in those homes. In these circumstances, it cannot be said that appellant deserted or abandoned his children; and, since it is shown by the evidence of the mother of the children that after she took them from the homes where they were placed, she has furnished them with the necessities of life from her own earnings. To prove an offense under the indict-

ment and statutes, supra, it is necessary that two elements be present or proven; namely, that there was an abandonment or desertion of a child by the father and that the child is in destitute or indigent circumstances. Failure to show either one of these elements is fatal.

In brief of the commonwealth counsel attempts to distinguish the Webb case from the present case, in that it is pointed out in the Webb case that the mother must be able to take care of the children through her *unaided* efforts, whereas in the present case, it is shown that the mother had received outside aid in addition to her own earnings. That contention is based upon the fact that the prosecuting witness said in the course of her testimony that the Red Cross had helped her some; but, she did not state the amount or nature of the assistance received from the Red Cross—whether it was substantial aid or a mere pittance of some insignificant sum. It will be noted from her testimony, quoted above, that she testified most positively, that she had furnished the children suitable clothes and support from her own earnings, and that they had not suffered, and would not suffer.

If it be conceded that appellant has neglected or failed to provide for his minor children, as he should, he might be subjected to the penalties provided in Section 328 of the Kentucky Statutes, which is a misdemeanor, punishable by a fine or imprisonment in the county jail. However, we do not think that the evidence in this case is sufficient to sustain the charge that appellant abandoned or deserted his children, leaving them in destitute or indigent circumstances.

If upon another trial of the case the evidence is the same, or substantially the same, as in the present record, the court should instruct the jury to find the defendant not guilty.

If the evidence should have been sufficient to take the case to the jury, the court erred in failing to instruct the jury, in substance, that if they believe from the evidence that the mother had furnished the children the necessities of life through her own earnings and efforts, they should find the defendant not guilty. Webb v. Commonwealth, supra.

And, furthermore, it appears that there was considerable evidence to the effect that appellant was not physically and mentally able to earn an income for the sup-

port of his children. If the case is tried again and the evidence should be sufficient to take the case to the jury, the court will instruct the jury upon appellant's physical and mental capacity, either or both, to earn support for the children. The law does not contemplate punishing a person for failing to do a thing which he can not do. If appellant is physically or mentally unable to engage in any gainful occupation sufficient to earn a support for his children, such would be a legal defense. It is an established rule that in a criminal case the court should instruct the jury upon all phases of the defense of the accused.

For the reasons stated the judgment is reversed and remanded with directions to set it aside and to grant appellant a new trial and for proceedings consistent with this opinion.