## Parks v. Commonwealth.

Nov. 25, 1941.

John S. Fullerton for appellant.

Hubert Meredith, Attorney General, and Anne Quill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

Miza Parks appeals from a judgment of conviction of malicious shooting and wounding with intent to kill, with a penalty of five years' imprisonment.

On Sunday afternoon before Labor Day, in September, 1940, Colonel Scott and five other men went to what Parks called his "road house or beer joint." They had been driving around and drinking but some of them say no one was drunk. Three or four of the men went into the place. According to their testimony they were quiet, polite and well-behaved. Scott testified he only went in and asked the others if they were ready to go and as they walked toward the door Parks shot him in the leg for no reason whatever. Others say that Parks ordered them out, but they knew of no cause for his doing so. When they got on the porch outside, Parks shot Walker Kline. The bullet grazed the back of his neck. And there was no cause for that. One of the men who had remained outside testified that as Parks came out he cursed them and threatened to kill them all. He would not let any of them go to Kline's aid. A friend caught hold of Parks and Kline's companions rescued him.

The defendant testified the boys came there drunk and engaged in loud, vulgar and profane language. He asked them to stop, his wife being present, but they would not. He describes their conduct, which, he says, led him to believe that he was dealing with a gang of thugs intent upon doing him harm. He asked them to leave. As they were doing so Scott made a movement as if to draw a weapon and he shot at him. When Kline attacked Parks he struck him with a pistol and it was accidentally discharged. The defendant is corroborated by two or three witnesses. He was about eight feet from Scott when he fired and the shot lodged in the bar about eight inches above the floor.

The appellant concedes the evidence sufficient to prove him guilty of shooting without malice or an intent

to kill, but contends it does not warrant his conviction of malicious shooting and wounding. Therefore, that the instruction submitting that question to the jury should not have been given. The argument is that if he had been intending to kill Scott he would hardly have shot so low or have failed to strike a fatal spot, firing as he did at such close range. It seems to us the evidence justifies the instruction and the conviction.

However, the judgment must be reversed because the commonwealth failed to prove venue. Its evidence was that the defendant operated the place, described as "Red Bud Tavern near Peterman Hill," and that this was where the shooting occurred. A witness testified that he lived "at the foot of England Hill" which he imagined was four miles from the tavern. The defendant was asked: "How long have you been in Boyd County?" and answered: "About eight months." He was further asked: "At the time this trouble out at your place of business occurred, how long had you been in the county?" and he answered: "Around six weeks, I guess."

In Rounds v. Commonwealth, 282 Ky. 657, 139 S. W. (2d) 736, 737, we reviewed quite extensively the authorities on the subject of proving venue. We pointed out that slight evidence is sufficient to sustain venue since it does not affect the issue of guilt or innocence, yet that what is slight evidence gives rise to different views. We declared generally:

"If the evidence discloses the offense was committed in a city, town or village, or at or near some well-known landmark or public place, or in a particular district or locality, it has been regarded as sufficient. Justice v. Commonwealth, 220 Ky. 209, 294 S. W. 1046; Nelson v. Commonwealth, 232 Ky. 568, 24 S. W. (2d) 276. The reason is that the jury being of the vicinage are presumed to have knowledge of local geography. It is recognized, however, that they may not know the location of private places, such as the homes of particular persons."

We held in that case that proof that a murder was committed in the yard of 1713 Lewis Street and that witnesses lived on that street and in nearby Gunther's Alley was not sufficient to prove the crime was committed in Daviess County. The fact that the defendant

450

in this case had been in Boyd County about six weeks does not prove that the offense was committed in that county, for, obviously, the defendant could have been living in Boyd County and conducting his place of business outside. And we cannot say that "near Peterman Hill" is sufficient to fix the situs in that county.

The necessity of proving that the crime for which the accused is being tried was committed within the jurisdiction of the court is not merely a matter of form. It is the constitutional right of an accused that he have "a speedy public trial by an impartial jury of the vicinage." Section 11, Constitution of Kentucky. Even under the extreme liberality with which the court has regarded the law in this respect in order to sustain convictions where evidence of guilt was clear, we cannot say that the evidence in this case was sufficient. For this reason, we are constrained to reverse the judgment.

Judgment reversed.