## Meek v. Commonwealth.

February 15, 1949.

W. J. Ward for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Collie Meek is appealing from a judgment sentencing him to two years in prison for child desertion. Reversal is urged upon the ground the evidence introduced by the Commonwealth was insufficient to sustain a conviction.

Mrs. Meek testified that she had been married to Collie Meek for about 12 years; that she and Collie had been separated for about five years; that for the past two and one-half years she and her four children had been making their home with her father; that under a previous indictment for child desertion Collie had been sentenced to one year in prison and had been paroled on condition that he pay $40 per month for the support of his children; and that he paid this amount for about four months. Mrs. Meek's father testified to substantially the same facts as did Mrs. Meek.

The appellant admitted he had been in court previously on the charge of deserting his children, but said that he got a call to the Army and the case was dropped. When asked why he had not been supporting his children Meek said he had been out of work for some time; that he had been employed at the American Rolling Mills in Ashland, but he was not permitted to work in water or dust on account of his health; that his teeth were poisoning his system; that he went back every month for an examination and was told that he could not work in water or dust. Meek offered no proof other than his own relative to his physical condition and his inability to get work. He said he drove a delivery truck for a while and later drove a cab.

It is the contention of counsel for the appellant that it was incumbent upon the Commonwealth to show that Meek was physically able to earn sufficient money to support himself and his children, in view of his testimony. In the case of Cox v. Commonwealth, 280 Ky. 94, 132 S.W.2d 739, 741, 131 A.L.R. 478, it was said that: "* * * The law does not contemplate punishing a person for failing to do a thing which he cannot do. If appellant is physically or mentally unable to engage in any gainful occupation sufficient to earn a support for his children, such would be a legal defense. * * *" The burden was

upon Meek to show that he was physically unable to support his children. It is true that he testified he was physically unable to obtain gainful employment, but this evidence alone was not sufficient to meet the test. As a matter of fact, Instruction No. 3 authorized the jury to find Meek not guilty if it believed that he was prevented from providing for his children on account of his physical or financial condition.

Under the circumstances, we think the judgment should be and it is affirmed.