## HODGES v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 18, 1954.

Copeland & Garner, Paducah, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

The indictment charged appellant with the offense of deserting his infant children residing in this state, under the age of sixteen years, leaving them in destitute and indigent circumstances, without making proper provision for their board, clothing, education, and care. The trial resulted in a judgment of conviction with punishment fixed at one year in the state penitentiary. Several grounds are urged for reversal in appellant's brief, but we consider the single question of whether the court should have directed a verdict of not guilty.

The indictment properly charges the offense denounced by KRS 435.240(1), but the evidence discloses only a violation of KRS 435.240(3). We held part of the latter subsection unconstitutional in Commonwealth v. O'Harrah, Ky., 262 S.W.2d 385.

Appellant and the prosecutrix, now Mrs. Elsie Childress, were married in 1935. Four children were born as a result of their marriage, three of whom are under sixteen years of age. They were divorced on October 17, 1947, and that judgment awarded permanent care and custody of the children

to the mother and directed appellant to pay $10 per week for their support. Both parties have since remarried and are living with their respective spouses. Three of the children reside with their mother and stepfather and the fourth is married. The evidence shows that appellant made regular contributions to the support of the children until October 21, 1953, but has made no payment since that date.

Appellant is a resident of the state of Michigan, where he was residing at the time of his indictment. After learning of the indictment, he voluntarily returned to McCracken County and went to the office of the Commonwealth Attorney, where he was arrested. He testified that he had been working in Detroit, Michigan, for five years but lost his job early in January, 1954, due to economic conditions in that area. He had been working only part time since September, 1953. He also testified, and produced an affidavit of a cancer specialist in Ontario, Canada, which was admitted as evidence, that his wife was suffering from cancer and that her illness necessitated continuous and expensive treatment, toward which he had expended about $600.

The Commonwealth, both here and in the lower court, seems to have proceeded on the assumption that the failure to make the payments directed by the judgment, in and of itself, is sufficient to support a conviction. It seems to have entirely overlooked the fact that so much of KRS 435.240(3) as makes it a criminal offense to fail to perform the judgment of a court, with respect to the support of children under sixteen years of age, was declared unconstitutional in Commonwealth v. O'Harrah, supra.

In prosecutions under subsection (1), we have consistently held that in order to sustain a conviction there must be an abandonment of the children as well as proof of the fact that they were in destitute and indigent circumstances at the time of such abandonment. Brock v. Commonwealth, 206 Ky. 621, 268 S.W. 315; Osborne v. Commonwealth, 241 Ky. 345, 43 S.W.2d 990; Cox v. Commonwealth, 280 Ky. 94, 132 S.W.2d 739, 131 A.L.R. 478. As we pointed out in the Brock case, neither poverty nor inherent deficiencies have yet been made crimes in this country. The statute was not intended to correct such deficiencies but to punish an intentional relinquishment of parental duties, evidenced by leaving, deserting, or abandoning the children without making proper provisions for their care and support.

We doubt that the evidence is sufficient to show that the children here were in destitute and indigent circumstances. The children are living with their mother and stepfather on a farm owned by the mother and, apparently, are adequately supported from the operation of the farm. It is true that if a parent abandons his children and the burden of their support is cast on others besides the father or mother, the statute is violated. Black v. Commonwealth, 259 Ky. 169, 82 S.W.2d 321. However, since there was a complete failure of proof so far as abandonment is concerned, it is not necessary to consider further the circumstances of the children and the question of whether or not they were to some extent dependent on the earnings of the stepfather. We held in Osborne v. Commonwealth, supra, that where the child which the father was charged with deserting was taken from him by an order of court and entrusted to the other parent, there was no desertion or abandonment of the child within the meaning of what is now KRS 435.240(1). We think that case is controlling here.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.