**Alvy COLEMAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1955.

Charles E. Lowe, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., George B. Akin, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Alvy Coleman, was convicted of child desertion and sentenced to prison for 18 months. KRS 435.240. As grounds for reversal of the judgment he urges that (1) the court erred in failing to direct a verdict of acquittal, and (2) he was convicted under erroneous and prejudicial instructions.

Appellant first insists that the Commonwealth failed to prove that he violated the provisions of KRS 435.240, because it was not shown that he "abandoned his infant children, * * * leaving them in destitute circumstances."

██ There was sufficient evidence to authorize the court to submit the question of appellant's guilt to the jury. Prosecutrix, Queenie Coleman, testified that she is the mother of eight children, five of whom were fathered by the appellant. Prior to her marriage to appellant, prosecutrix stated, she attempted to support her children on aid she received from the State Welfare Department. During this period it was established that the appellant and prosecutrix continued to frequently indulge in sexual intercourse.

In 1954 prosecutrix and appellant were married, and lived together at the home of appellant's parents for a few days, after which time she was forced to return to her former home. The reason for this action appears to be that while appellant agreed to take the three youngest children into his parents' home, he refused to take the other children. Since that time the children have not had adequate food or clothing and have existed largely through help from neighbors. The appellant has been unemployed since 1952 and has not attempted to obtain employment. He claims he is physically unable to work; however, this is substantially contradicted. This evidence tends to establish that appellant abandoned his children who were under the age of 16, leaving them in destitute or indigent circumstances. The question of appellant's guilt was properly submitted to the jury. Carr v. Commonwealth, 307 Ky. 207, 210 S.W.2d 778; Cox v. Commonwealth, 280 Ky. 94, 132 S.W.2d 739, 131 A.L.R. 478, and West v. Commonwealth, 194 Ky. 536, 240 S.W. 52.

██ Appellant contends that the instructions were erroneous and prejudicial in that

they authorized a conviction for failure to provide for the "education of the children," although it was shown that three of the children were under school age. Similar instructions were approved by this Court in Gee v. Commonwealth, 263 Ky. 808, 94 S.W.2d 17, where one of the children involved was five years old. In view of the Gee case, and the further fact that two of the children here involved were of school age, we conclude that the instructions were not prejudicial.

Judgment affirmed.