Ray CLICK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1956.

Robert S. Wellman, Joe P. Tackett, Prestonsburg, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

This is the second appeal of this case. Upon a former trial, the appellant, Ray Click, was convicted of voluntary manslaughter and sentenced to 10 years in prison. On appeal, we reversed that judgment because the circuit court erred in admitting incompetent and prejudicial evidence. Click v. Commonwealth, Ky., 269 S.W. 2d 203. Two subsequent trials resulted in hung juries. Upon the fourth trial, Click was again convicted of voluntary manslaughter and his punishment was fixed at 5 years confinement in prison.

One of the several grounds urged for reversal of the present judgment is that the court should have directed a verdict of acquittal because the evidence failed to show that the crime charged was committed in Floyd County. The record supports this contention.

The Attorney General concedes that no specific effort was made in the instant trial to prove venue. However, he insists that the testimony showing the shooting took place on Stephens Branch, when considered in conjunction with the fact the accused was arrested by the law enforcement officials of Floyd County, was sufficient proof from which the jury could infer that the crime was committed in Floyd County.

In criminal prosecutions venue is a jurisdictional fact of locality charged in the indictment and put in issue by a plea of not guilty. Woosley v. Commonwealth, Ky., 293 S.W.2d 625. In Rounds v. Commonwealth, 282 Ky. 657, 139 S.W.2d 736, 737, the subject of venue in criminal cases was fully considered. Therein it was said:

"* * * If the evidence discloses the offense was committed in a city, town or village, or at or near some well-known landmark or public place, or in a particular district or locality, it has been regarded as sufficient. * * *"

Also in that case we decided that evidence showing the homicide occurred in the yard of "Sam Walker who lived at 1713 Lewis Street" was not sufficient proof of venue. In Parks v. Commonwealth, 288 Ky. 447, 156 S.W.2d 468, 469, the conviction was set aside for failure to prove venue where the evidence was that accused "operated the place described as 'Red Bud Tavern near Peterman Hill,' * * * where the shooting occurred."

In considering the venue question in the instant case we take judicial knowledge of the fact that there is a "Stephens Branch" in Carroll, Grant and Owen Counties as well as in Floyd County.

See, Kentucky Historical Register, No. 169, Vol. 49. Hence, the fact that several witnesses gave testimony that the shooting took place on Stephens Branch was not sufficient evidence to establish that the crime charged against the appellant was committed in Floyd County. Nor does the fact that appellant was apprehended by Floyd County officials furnish the proof necessary from which the jury could infer that venue was in Floyd County.

Other questions raised by the appellant have been considered and have been found to be without merit.

The judgment is reversed, with directions to grant the appellant a new trial.