COMMONWEALTH of Kentucky, Appellant,

v.

Wendell MASON, Appellee.

Court of Appeals of Kentucky.

Oct. 24, 1958.

·Garrett G. Teague, Jr., Joe S. Feather, Williamsburg, Marlow W. Cook, Louisville, for appellant.

Calvert C. Little, London, for appellee.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellant.

E. R. Gregory, Bowling Green, for appellee.

CULLEN, Commissioner.

Wendell Mason was indicted under that portion of KRS 435.240(3) (a) that reads as follows:

"If a divorce has been granted by a court of competent jurisdiction, and thereafter the parent of any child under the age of sixteen years shall fail to comply with the orders of the court relative to the maintenance or support of the child as set forth in the judgment granting the divorce, while said child is in indigent or destitute circumstances, * * * the parent so doing shall be deemed guilty of a felony and upon conviction shall be confined in the penitentiary for not less than one nor more than five years * * *."

The court sustained a demurrer to the indictment and entered judgment dismissing the prosecution. The Commonwealth has appealed, seeking a certification of the law. Criminal Code of Practice, §§ 335, 337.

The judgment does not recite the ground on which the demurrer was sustained, but it appears that the court was of the opinion that the statute under which the indictment was brought is unconstitutional. The Commonwealth maintains that the statute is valid.

The present statute derives from a 1954 Act of the legislature, 1954 c. 56. In 1950 a statute of the same character had been enacted, differing from the present statute only in that it did not contain the phrase, "while said child is in indigent or destitute circumstances." The 1950 statute was held unconstitutional in Commonwealth v. O'Harrah, Ky., 262 S.W.2d 385. The question before us is whether the present statute contains the same fatal defects that were found to exist in the 1950 statute.

The reasoning in the O'Harrah opinion was in substance as follows: The statute did not recognize as a defense the fact that the parent might be unable to make the support payments, or the fact that the child might be in affluent circumstances or have other abundant means of support, but instead the statute imposed absolute criminal liability solely upon noncompliance with the terms of the divorce judgment. In so basing the offense solely on a civil judg-

ment, the statute violated due process and denied the rights and privileges guaranteed by our Constitution to persons accused of crime.

The present statute requires as an element of the offense that the child be left in indigent or destitute circumstances, so this ground of objection found to the former statute has been removed. Upon reconsideration of the question, it is now our opinion that the defense of inability to pay must also be considered to be available under this statute. Under Subsection (1) of KRS 435.240, which is a statute of long standing, defining the offense of child desertion, this Court has made the interpretation that inability to support is a defense. See Brock v. Commonwealth, 206 Ky. 621, 268 S.W. 315; Webb v. Commonwealth, 237 Ky. 141, 35 S.W.2d 14; Cox v. Commonwealth, 280 Ky. 94, 132 S.W.2d 739, 131 A.L.R. 478; Hodges v. Commonwealth, Ky., 269 S.W.2d 280. The reasoning of these cases is equally applicable to the statute now under consideration, Subsection (3) of KRS 435.-240, because there is no substantial difference in the wording of the two statutes as relates to the element of willfulness.

If, as we now hold, the defenses that the child has not been left indigent or destitute, and that the accused parent is unable to pay, are available to the defendant, there is no basis left for the objection made in the O'Harrah case that the statute denies due process or the rights and privileges guaranteed to persons accused of crime. With these defenses available, it may be considered that the divorce judgment does no more than fix the amount of a liability that already rested upon the parent. The liability of the parent to support the child arose by law the moment the child was born; the divorce judgment does not create any new liability, but merely fixes its extent. If the parent is incapable of making the fixed payments, this may be asserted as a defense in the criminal prosecution. Likewise, if failure to make the payments in the fixed amount does not result in the child being left indigent or in destitute circumstances, there is no criminal liability.

It is our opinion that the portion of the statute here in question is constitutional, and the law is so certified.