Jesse Lee ROGERS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 6, 1959.

M. E. Strange, Strange & Pendleton, Stanton, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Jesse Lee Rogers was convicted of a failure to comply with a court order relative to the support of infant children. KRS 435.240(3) (a). His punishment was fixed at confinement for one year.

Kathleen Morton Rogers obtained a divorce from Jesse Lee Rogers in the Powell Circuit Court in 1952. The divorce judgment awarded the custody of their two infant children to the mother. No provision was made in the judgment for payment of maintenance or support of the children because the father had been proceeded against as a nonresident.

In 1953, appellant was convicted of forgery and sentenced to four years' confinement. He was released from prison after approximately three years. In 1957, the mother sued appellant and obtained a default judgment based on personal service of process which fixed the custody of the children in her and directed appellant to pay $60 per month for their maintenance and support. Appellant then was residing in Bath County. No payments were made under this judgment. Appellant was then indicted, tried, and convicted in the Powell Circuit Court.

Appellant urges that: (1) The indictment is fatally defective for failure to allege that the children were residents of Kentucky; (2) the indictment fails to state a public offense; and (3) the evidence is insufficient to sustain the conviction.

The place of residence of the children involved is not a material element of the offense denounced by KRS 435.240 (3) (a). The venue of a prosecution under this section of the statute is fixed by subsection (3) (b) in the circuit court of the county "in which the divorce was granted," "where the custodian of the child resided at the time of (sic) the offense * * * was committed" or "where the child was when the offense was committed." It is unnecessary to allege the specific basis on which venue is based. Venue is usually alleged in an indictment by a general allegation that the offense was committed in a certain named county within the state. It is then incumbent on the prosecution to establish by proof that the necessary elements of the offense were committed in the named county and state; otherwise, the court would have no jurisdiction. The indictment in this case properly alleged the venue of the prosecution in

Powell County according to KRS 435.240 (3) (b).

■ The contention that the indictment failed to state a public offense is based on Commonwealth v. O'Harrah, Ky., 262 S.W. 2d 385, in which a former statute on child desertion was held unconstitutional. Subsection (3) of KRS 435.240 was amended and re-enacted in 1954. Its constitutionality has been upheld. Commonwealth v. Mason, Ky., 317 S.W.2d 166; Commonwealth v. Smith, Ky., 317 S.W.2d 168. The indictment states a public offense.

■ The argument as to the insufficiency of the evidence has three grounds. First, appellant contends that the custody of the children was taken from him and entrusted to the mother by court order; hence, there was no abandonment on his part, citing Osborne v. Commonwealth, 241 Ky. 345, 43 S.W.2d 990. A violation of Kentucky Statutes, Section 331i–1, now KRS 435.240(1), was involved in the Osborne case. The instant prosecution is under a later and different section of the statute on child desertion; therefore, the Osborne case has no application.

■ Appellant urges that the prosecution failed to establish that appellant was physically and financially able to comply with the court's order by payment; therefore, the evidence is insufficient to sustain the verdict. Physical disability and financial inability have been recognized as defenses to a prosecution under the child desertion statute. Brock v. Commonwealth, 206 Ky. 621, 268 S.W. 315; Meek v. Commonwealth, 309 Ky. 370, 217 S.W.2d 961. Those defenses are still available in a prosecution under KRS 435.240(3). Commonwealth v. Mason, Ky., 317 S.W.2d 166.

Appellant was thirty-five years of age and admitted that he was "a big, strong, healthy man." He said that he had done some farm work. In the Meek case, it was held that the burden was on the defendant to establish his defense and that his statement, standing alone, "was not sufficient to meet the test." [309 Ky. 370, 217 S.W.2d 961.]

■ Appellant further contends that the children were not left in indigent or destitute circumstances. The evidence shows that the mother was unable to support them without outside help and that they were living with her father and mother. In Williams v. Commonwealth, Ky., 276 S.W.2d 454, it was held that the fact that friends or relations may have prevented the children from suffering unduly is no defense to a father charged with child desertion. Webb v. Commonwealth, 237 Ky. 141, 35 S.W.2d 14; Commonwealth v. Donovan, 187 Ky. 779, 220 S.W. 1081. The evidence was sufficient to sustain the verdict.

Judgment affirmed.