**Richard SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 6, 1959.

Rehearing Denied May 1, 1959.

S. M. Ward, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Richard Smith was convicted of child desertion and sentenced to one year's confinement. KRS 435.240(1). He urges as reversible error: (1) The trial court should have sustained his motion for a directed verdict; and (2) the instructions were erroneous. The latter contention is considered first.

Appellant and Dora Smith had one child. The mother was awarded custody of the child when she obtained a divorce from appellant on January 14, 1957. The indictment which was returned May 31, 1957, charged a desertion of the child on January 15, 1957.

The trial court instructed the jury that they could find appellant guilty if they

**712**

believed that the abandonment occurred before the finding of the indictment; to-wit, May 31, 1957. Appellant contends that the instruction was erroneous in this respect and should have been limited to the date contained in the indictment, January 15, 1957.

Criminal Code of Practice, Section 129 provides:

> "The statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense."

 The offense of child desertion contemplates a course of conduct, that is, a failure to provide, extending over a period of time and culminating in the act of desertion. By its nature, the offense is rarely committed in a single day. Time is not a material ingredient of the offense; hence, the prosecution does not have to prove that the offense charged was committed on the exact day named in the indictment. It is sufficient to prove that it was committed prior to the finding of the indictment. Tester v. Commonwealth, 229 Ky. 403, 17 S.W.2d 260.

The proof showed that appellant was able-bodied. The mother testified that during the year 1956, appellant made no provision for the child. She was compelled to sell her equity in a house to finance her medical operation and period of recuperation. She was unable to work for twelve months following her operation. Part of that time the child was provided for by her mother's sisters and brothers. The child entered Midway School in October 1956. The mother borrowed money, which she still owed, in order to maintain the child in school. The only assistance shown to have been given by the father in 1956 and 1957 was $35. The date of payment was not shown.

Appellant contends that the child had been well cared for by the mother within the meaning of the opinion in West v. Commonwealth, 194 Ky. 536, 240 S.W. 52, wherein it was held that if the child or the mother had ample means for the support of the child, it was not destitute or indigent. Under the facts of the present case, it cannot be said that the child or mother had ample means for support, and the trial court correctly submitted the case to the jury. Webb v. Commonwealth, 237 Ky. 141, 35 S.W.2d 14.

The rule in Osborne v. Commonwealth, 241 Ky. 345, 43 S.W.2d 990, holding that a conviction of a father for child desertion cannot be sustained where the custody of the child has been awarded to the mother, does not control here because of the failure of the father to support the child prior to the date of the custody order.

Judgment affirmed.