**Martin Aaron ANDERSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 29, 1961.

Stanley R. Hogg, Whitesburg, for appellant.

John B. Breckinridge, Atty. Gen., Wayne J. Carroll, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Appellant, Martin A. Anderson, aged 21, was convicted in the Letcher Circuit Court of the crime of carnally knowing a female under the age of 16, and sentenced to 10 years in the penitentiary. He prosecutes this appeal in forma pauperis.

The chief ground urged for reversal, which we conclude is meritorious, is that the lower court should have directed a verdict of acquittal because it was not proven that the crime was committed in Letcher County.

The Commonwealth at the trial relied solely upon the testimony of the prosecuting witness, Lorene Combs, in its endeavor to fix the situs of the offense in Letcher County. In response to a direct question propounded to her by the Commonwealth's attorney, she stated that the illegal act transpired in Letcher County. On cross-examination she said she knew the illicit deed occurred in Letcher County because the village of Colson, which she passed

through the night the offense was committed and while in appellant's car, is in that county. Colson is in Letcher County near the Knott County line. In recounting the automobile trip she made which, when terminated, was followed by the commission of the offense, the prosecutrix testified that after appellant reached Colson, he continued to drive about a mile or two farther. She said it was dark at the time, that she was unfamiliar with the road on which the car traveled beyond Colson and that she did not know where she was when the car stopped.

Appellant testified he with the prosecutrix and also in company with one Claude Wright drove his car to Colson, passed on through this hamlet and then turned up alongside a creek into a place known as Sporty Hollow. We quote this further statement from his testimony: " * * * We crossed over next to a sawmill over there next to Harve Hall's mine. I believe he used to own a sawmill there, because I used to ride with a boy that hauled coal over there, and this is where it took place, where we had sexual intercourse with her."

Jim Short, a deputy sheriff of Letcher County, testified Sporty Hollow is in Knott County. In truth it seems not to be in dispute in the record that Sporty Hollow and Harve Hall's mine and the sawmill situated there are located in Knott County.

■ Venue in a criminal prosecution is a jurisdictional fact of locality averred in the indictment and is put in issue by a plea of not guilty. Click v. Commonwealth, Ky., 293 S.W.2d 877. It is fundamental that in order to establish the jurisdiction of the trial court in a given criminal case the Commonwealth must prove that the necessary elements of the crime charged were perpetrated in the county alleged in the indictment as the situs of the offense. See Rogers v. Commonwealth, Ky., 321 S.W.2d 779, and Woosley v. Commonwealth, Ky., 293 S.W.2d 625.

It appears the evidence in this case conclusively shows that the unlawful act was consummated in Knott County. Lorene Combs, the prosecutrix, testified in the affirmative when asked if the event happened in Letcher County. She based this conclusion upon the sole fact that, before she was mistreated, the car she was in was driven by appellant to Colson, which is located in Letcher County. However, in the next breath, she admitted she was taken beyond Colson and that she did not know where she was when she was criminally seduced.

■ Her evidence alone was offered by the Commonwealth to prove venue. As has been noted, it was discredited by her own admissions and is therefore entitled to no weight. Appellant, on the other hand, was able to pinpoint the location of the crime. He testified he took the prosecutrix up an isolated hollow and had sexual relations with her near a sawmill and close by Harve Hall's mine. He and another witness fixed this site to be situated in Knott County. Consequently, we must hold that the Commonwealth failed to establish that the offense, of which appellant was proven guilty, was perpetrated in Letcher County, and the judgment must be set aside.

As a parting shot, the Commonwealth insists that the ground raised by appellant as to venue cannot be considered because no error was assigned in respect thereto in the motion and grounds for a new trial. The circuit court proceedings show that, although the question of the failure of the Commonwealth to prove venue was not advanced as a reason for a new trial, appellant did move at the conclusion of the Commonwealth's evidence that a verdict be directed in his favor. This motion was overruled; and it was recited in the motion and grounds for a new trial that the lower court committed a reversible error when it refused to grant a peremptory instruction after the Commonwealth had closed its case.

■ We are of the opinion that the incorporation in the motion and grounds for a new trial the statement, that the lower court erred when it declined to rule in

behalf of appellee on the motion just mentioned, placed in issue the sufficiency of the evidence to make out a case against him. Certainly a case was not made out against him if the Commonwealth failed to establish that the crime was committed within the venue of the court which tried the case. We have shown that the Commonwealth's evidence failed in this respect. Therefore, appellant was entitled to have his motion for a peremptory instruction of not guilty sustained, and the trial court erred when it overruled this motion.

We might add that the motion for a peremptory instruction was bottomed upon a reason that the trial judge properly held was without merit. It is unnecessary to state the details. It is enough to say that the language setting forth the specific reason why appellant believed he should have had a directed verdict is held by us under the circumstances to be nothing more than mere surplusage which should be disregarded. We conclude this motion was broad enough in its import to embrace any reason that might be seized upon as a valid ground for setting aside the verdict and awarding a new trial.

The judgment is reversed for further proceedings consistent with this opinion.