**Harlan NOBLE and Chester Terry, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 10, 1961.

Buford A. Short, Rose & Short, Beattyville, for appellants.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty Gen., for appellee.

STEWART, Judge.

Appellants, Harlan Noble and Chester Terry, were jointly indicted, tried and convicted of grand larceny in the Lee Circuit Court and each was sentenced to two years' imprisonment. They appeal, urging these grounds for reversal:

1. The court committed reversible error in admitting testimony of other acts of larceny not charged in the indictment and for which appellants were not on trial.

2. There is no proof the larceny occurred in Lee County with the result that venue was not established.

On April 29, 1960, James Chapman, the prosecuting witness, had three cows in his pasture in Lee County. One was owned by him; one by his brother, Wallace Chapman; and one by a neighbor, Grover Spencer. He had the care and custody of all three. When James Chapman went to the pasture on May 1, 1960, the animals were gone. After examining the fences and looking for them, he decided they were stolen and then notified the sheriff.

About nine days later he was called to identify three cows in Magoffin County. He recognized two of them—his own, which had been sold to T. E. Montgomery, and his brother's which had been sold to Oral Williams, both residents of that county. Williams and Montgomery had bought the cows on the Paintsville livestock market. He found out the third cow had been sold to someone in Ohio. It was ascertained this market bought the cows from Challie Pelfrey, who testified he had purchased them from appellants at the Paintsville livestock market at about 7:30 a. m. on Saturday, April 30, 1960, for $305.

Appellant, Terry, testified he never on any occasion sold any cattle nor did he steal the ones he was alleged to have stolen. He claimed he was in Flat Rock, Indiana, at the time the cattle were taken and sold. He introduced no corroborative testimony. Appellant, Noble, denied knowledge of the theft and stated he stayed at the home of a friend on April 29, 1960, the date the cows were supposedly stolen. He produced several witnesses to substantiate his testimony, but some of them were not sure of the exact date he was at his friend's house.

It is first contended the admission of testimony to the effect that three cows were stolen was improper, as only the stealing of the one which belonged to the prosecuting witness and for which appellant was indicted could constitute the crime committed. This argument is based upon the assumption that, since each cow was owned by a different person, each taking was the subject matter of a separate offense; and that it was therefore error to allow evidence to be introduced concerning the larceny of property which belonged to persons other than the prosecuting witness.

Ordinarily, proof relating to other crimes committed is inadmissible. This rule,

however, does not apply where other offenses which have been perpetrated are so interwoven with the one being tried that they cannot well be separated from it in the introduction of relevant and competent evidence, and this is especially true where two or more crimes are so linked together in point of time or circumstances that one cannot be fully shown without proving the other. See Fleming v. Commonwealth, 284 Ky. 209, 144 S.W.2d 220.

For instance, where two victims were shot and killed at practically the same time, this Court held that the facts in respect to the two killings were inseparable, and in a homicide prosecution for the slaying of one of such victims evidence as to the manner in which the other victim was shot was admissible. Carson v. Commonwealth, Ky., 239 S.W.2d 262.

■ In the case at bar all the cattle were in the care and custody of the prosecuting witness and the larceny of all was simultaneous in point of time and place. The fact that one cow belonged to the prosecuting witness and the other two were owned by his brother and another man does not make such evidence inadmissible. It is apparent from the proof that this prosecution comes within the application of the rule laid down in the two opinions to which we have referred.

Appellants argue that there was insufficient evidence to establish venue; that there was no actual proof the cows were stolen in Lee County; that they could have strayed from the county.

■ Only slight evidence, either direct or circumstantial, is required to sustain venue in a criminal prosecution. Parks v. Commonwealth, 288 Ky. 447, 156 S.W.2d 468. In Warren v. Commonwealth, Ky., 256 S.W.2d 368, 369, Warren was convicted of grand larceny growing out of the theft of a fox hound in Hart County. The hound had been at its owner's home in Hart County on a Friday night and was sold to a third party by defendant on the following Sunday

morning in Jefferson County. This Court said: "Hart and Jefferson counties are not adjoining but are separated by several counties, thus the circumstances unerringly point to the fact this hound was stolen in Hart County and transported to Jefferson County." The facts there are somewhat like those in this case.

■ The evidence shows that the cows were in Chapman's pasture on April 29, 1960, and were discovered missing therefrom on May 1, 1960. The three animals were bought and resold in Johnson County on April 30, 1960. Two of them were located nine days later in Magoffin County. We believe it was clearly proven the cows did not break out of the place where they were enclosed and, furthermore, that the sequence of events plainly indicates they were stolen from Lee County.

Wherefore, the judgment is affirmed.