Milton BRADLEY, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 12, 1964.

Claude Asbury, Catlettsburg, for appellant.

Robert F. Matthews, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Milton Bradley, Jr., was convicted in the Boyd Quarterly Court of the offense of "Contributing to Juvenile Delinquency," KRS 208.020(3), 208.990(4), and his punishment was fixed at a jail sentence of six months and a fine of $250. He appealed to the circuit court and upon trial de novo in that court he was again found guilty and was given a jail sentence of 30 days and a fine of $100. He has moved for an appeal to this court from the latter judgment. The motion is granted to the extent that we accept the case for review.

Bradley's conviction was upon proof that he had failed to make support payments for his infant children as required by the terms of a divorce judgment, as a result of which failure the children became dependent upon charity and loans from relatives for food and clothing. This conduct constituted a violation of KRS 208.020(3) which, although commonly referred to as the "Contributing to Delinquency" statute, covers the willful failure to do any act that will tend to prevent a minor child from becoming "neglected," "dependent," or "needy."

■ Appellant maintains that the exclusive remedy for failure of a divorced husband to make child support payments in accordance with the terms of the divorce judgment is by proceedings for contempt in the divorce court. There is no merit in that argument. That such failure can be punished as a crime is established by KRS 435.240(3) (a) and Commonwealth v. Mason, Ky., 317 S.W.2d 166. (Of course inability to pay is a defense, but the appellant here did not assert that defense.)

A second contention of the appellant's is that his constitutional rights were violated because he was not informed by the *quarterly court* judge that he was entitled to have counsel. (He did have counsel in the circuit court.) He does not claim that he was a pauper and counsel therefore should have been appointed for him—he merely says he should have been told of his right to counsel.

The claim has very little substance to it because the record indicates that the *prosecuting attorney* in the quarterly court did advise appellant of his right to counsel, and further told appellant that if he wanted a jury trial the case would be postponed for a couple of weeks. There is authority for the proposition that if the accused knows of his right to counsel it is not necessary for the court to remind him of it. See Annotation, 3 A.L.R.2d 1048.

■ In any event, even if it be assumed that the trial judge must in every event advise the accused of his right to counsel, and it further be assumed that this includes misdemeanor cases (a proposition upon which the United States Supreme Court has not as yet made a pronouncement), we are not convinced that the failure of an inferior court to advise of the right to counsel constitutes of itself a material impairment of constitutional right where the accused subsequently procures a trial de novo in the circuit court, with

·counsel. We think that to sustain a finding of a material impairment of constitutional right there would have to be a showing that in some manner the lack of counsel at the inferior court trial prejudiced the accused upon his subsequent trial de novo in the circuit court. There is no such showing here.

The appellant makes complaint concerning the difficulty he had in obtaining a copy of the judgment of the quarterly court in order to prosecute his appeal to the circuit court. The questions he raises are moot because he eventually obtained the copy of the judgment and made his appeal.

The judgment is affirmed.