**Tommy GREGORY, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 23, 1969.

Rehearing Denied Sept. 26, 1969.

Julian H. Golden, Pineville, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Tommy Gregory, Jr. was convicted in Knox County of leaving, deserting or aban-

doning his pregnant wife in destitute or indigent circumstances and without making proper provision for her board, clothing and proper care. [KRS 435.240(1).] His punishment was fixed at confinement for one year. He appeals, claiming that the county in which he was tried was not a proper venue for prosecution of the offense.

According to the testimony of the prosecutrix, Shirley Gregory, she and Tommy were married March 12, 1966, and during the course of this marriage they lived together in three different places—they lived first in Knox County, Kentucky, moved to Detroit, Michigan, and then to Louisville, Kentucky. Shirley testified that she and Tommy went to Louisville the last of February, 1967, and stayed in Jefferson County from February 28 to March 13, 1967. Shirley further said that while she was in a pregnant condition Tommy stopped feeding her the last week she was in Louisville; that he told her he no longer intended to support her; and that she should go away somewhere.

The evidence for the Commonwealth further established that Shirley's father was called to Louisville on March 13, 1967. He stated that he talked with Tommy who told him that he no longer intended to support Shirley. As a result of this conversation and with Tommy's knowledge, Shirley's father then brought her to his home in Barbourville in Knox County.

During the period from March 13, 1967 to April 7, 1967, the date the indictment was returned, Shirley was pregnant and living in Knox County. Tommy made no provision for support during this time.

Tommy argues that all of the acts complained of in the indictment occurred in Jefferson County, Kentucky. It is his contention that the Commonwealth failed to prove that any violation of the statute under which he was indicted occurred in Knox County, Kentucky, and that he was entitled to a directed verdict of acquittal.

We need not determine whether Jefferson County was a proper venue for prosecution under the facts herein. The inquiry is narrowed to the single issue of whether Knox County was a proper venue. The determinative facts are not in substantial dispute.

■ The offense denounced by the statute contemplates a course of conduct—that is, a failure to provide for a pregnant wife extending over a period of time. By its nature, the offense is rarely committed on a single day. Time is not a material ingredient of the offense. Cf. Smith v. Commonwealth, Ky., 322 S.W.2d 711.

■ Only slight evidence, either direct or circumstantial, is required to sustain venue of a criminal prosecution, since that does not affect the issue of guilt or innocence. Rounds v. Commonwealth, 282 Ky. 657, 139 S.W.2d 736.

In 22 C.J.S. Criminal Law § 185(2), the rule is stated as follows:

"As a general rule, the venue of a prosecution for abandonment or nonsupport of wife or child is in the county where the abandonment occurred or where the duty to support should have been performed."

Cases on proper venue from various jurisdictions are collected in the footnotes to the section cited and it is unnecessary to repeat them here. In the course of the text discussion, it is pointed out that ordinarily the venue of the crime is in the county where the wife resides, or in which she is when the indictment is returned. This result is sometimes required by express statutory provision; the same result is reached in the absence of express statutory provision by judicial construction. However, it is generally recognized that a wife may not by wandering from county to county choose a county of her own selection in which to bring the prosecution.

■ According to the Commonwealth's evidence, Shirley was taken by her father

from Jefferson County to Knox County at Tommy's instigation. After Shirley was in Knox County, he failed to support her. There could be no claim that she wandered from county to county and then selected a place for the purpose of bringing the prosecution. We conclude that Knox County was a proper venue for prosecution of a violation of KRS 435.240(1) in this case. Tommy was not entitled to a directed verdict of acquittal.

The judgment is affirmed.

All concur.